SALEM INDEPENDENT SCHOOL DISTRICT NO. 17 OF
McCOOK COUNTY, SOUTH DAKOTA, Plaintiff, v.
THE CIRCUIT COURT OF McCOOK COUNTY,
et al, Defendants.

(244 N. W. 373.)

(File No. 7380. Opinion filed October 4, 1932.)

342

 

*H. Van Ruschen,* of Salem, for Plaintiff.
*Danforth & Davenport,* of Sioux Falls, for Defendants.

CAMPBELL, P. J. Section 15, article 8, Constitution South Dakota, empowers the Legislature to authorize school corporations to levy taxes. Section 7546, R. C. 1919, as amended by chapter 49, Laws Second Special Session 1920, authorizes all boards of education "to levy an annual tax on all taxable property within the district for the support of the schools of the corporation for the fiscal year next ensuing, not exceeding the amount limited by law." Section 7567, R. C. 1919, as amended by chapter 102, Laws 1923, provided for the levy of tax by a board of education not exceeding 25 mills on the dollar of assessed valuation of all taxable property within the district, with the further provision that in districts where the average assessed valuation of agricultural lands embraced therein was more than $50 per acre the tax on agricultural land should not exceed in any one year 10 mills on the dollar, and that the board in such case might, if necessary, levy an additional tax on nonagricultural property. The statute further provided (as it did prior to the amendment granting a maximum rate of 10 mills to agricultural land) that "the clerk of the school board shall certify the levy to the county auditor, who is authorized and required to place the same on the tax roll of the county, to be collected by the county treasurer as the taxes of the county, and paid over by him to the treasurer of the school district." During the year 1926 Salem independent school district No. 17 was an independent school district existing in McCook county, S. D., wherein the average assessed valuation of agricultural lands exceeded $50 per acre. At the time contemplated by statute in the year 1926 the board of education of said school district made a tax levy for the uses and purposes of said district for the year 1926 in the

aggregate amount of $30,000, being $8,461.67 for interest and sinking fund applicable to outstanding bonds, and $21,538.33 for salary and general fund. The board did not undertake to fix or determine any mill rate of levy on any property in the district, but simply certified to the county auditor the sums levied as above stated, leaving it to the auditor to compute and extend the mill rate or rates. On September 13, 1926, one Simmons and others, owning agricultural land in district 17, in behalf of themselves and all others similarly situated, instituted an action in the circuit court against the county auditor of McCook county, reciting the tax levy of $30,000 by the board of education of the district and the certification thereof to the auditor; that the auditor was about to compute and extend the mill rate to make such levy upon the property of the district, and that said auditor intended to extend a mill rate of 16.91 against agricultural lands in said district for the purpose of making such tax; and prayed that the auditor be enjoined from extending any greater rate than 10 mills upon the dollar of assessed valuation as against agricultural lands. In that action defendant county auditor answered, admitting the levy of $30,000 by the board of education and the certification thereof to him, and pleading, in substance, that he was ready and willing to extend the same in such form and manner as the court might direct. District 17 secured leave to intervene, alleging the $30,000 levy and that the auditor was about to extend the same at a mill rate of 16.96 on agricultural lands and a mill rate of 26.60 on other taxable property of the district, alleging the unconstitutionality of the 10-mill maximum on agricultural lands fixed by chapter 102, Laws 1923, claiming that the levy should be extended at the same mill rate on all property in the district, and praying in general for a declaration and construction of relevant statutes by the court.

In this action the trial court held, in substance, that the limitation of 10 mills on agricultural land by chapter 102, Laws 1923, was constitutional, but that it applied to general purpose taxes only and did not have application to levies for interest and sinking fund on bonds of the district previously issued. The judgment of the trial court therefore was that the $8,461.67 levied by the board for interest and sinking fund be made by extending a mill rate of 6.91 against all taxable property in the district, and that

the salary and general purpose levy of $21;538.33 be made by extending a mill rate of 10 mills on agricultural land and a rate of 19.61 mills on all other taxable property in the district; the net result of this judgment being to order the aggregate amount of $30,000 levied by the board to be made by extending a mill rate of 16.91 against agricultural lands and 26.52 against all other property in the district. From this judgment plaintiff agricultural land-owners ·appealed on the theory that 10 mills was the maximum rate that could be extended against their property for any purposes whatever, and district No. 17 perfected a cross-appeal on the theory that the levy of $30,000 should be made by extension of the same mill rate against all property in the district. This court decided (Simmons v. Eriscon, 54 S. D. 429, 223 N. W. 342) that the attempted separate classification of agricultural lands in school districts and the granting of a lower rate thereto than to other property in the district amounted to an unconstitutional discrimination, and ruled that the levy of $30,000 should be made by extending the same mill rate against all property in the district. The mandate of this court was that the cause be remanded "with directions to enter judgment that the tax levy be extended at the same rate for all purposes upon all taxable property within the district." Promptly after the remand and pursuant to that direction of this court, the circuit court did enter its judgment in Simmons v. Ericson adjudging "that the tax levy made by the board of education of the intervenor independent school district in September, 1926, being the levy described in and referred to in the proceedings herein be extended by the county auditor of said county of McCook at the same rate, for all purposes, upon all taxable property within the said independent school district." When the case of Simmons v. Ericson was instituted in the circuit court, the $30,000 levy by the board of education had been certified to the county auditor, but he had not yet computed the mill rate therefor, nor extended the same upon the tax lists of the county, and the action was instituted to require him to make such extension in a certain manner and not otherwise. The judgment of the court below specifically directed the method of making the extension, and when the appeal came to this court there was nothing to show that there had been any change in the situation. That is to say, the appeal was presented to this court on the theory that a $30,000 levy had been

made and certified but not yet extended on the tax lists, and the question for decision was as to the manner in which such tax as levied should be extended by the county auditor. It was upon that supposed state of facts that the cause was determined by this court and that this court directed the entry of judgment below "that the tax levy be extended at the same rate upon all taxable property within the district."

In reality, however, at or about the time of the entry of the circuit court's judgment in Simmons v. Ericson, from which appeal was taken to this court, the county auditor of McCook county actually extended upon the tax lists of that county the $30,000 levy of district No. 17 for the year 1926 in the manner prescribed by that judgment, to wit, at the rate of 16.91 mills on agricultural land and 26.52 mills on nonagricultural land. Prior to the decision of this court on the appeal, such 1926 tax had been fully paid by the property owners of the district and the full sum realized therefrom had been turned over to the district, the entire amount of said tax being paid without protest excepting only the sum of $108 paid under protest by one owner of nonagricultural land in the district who claimed that the rate levied against his property was excessive. When the mandate of this court went down and judgment pursuant thereto was entered below directing the manner in which the $30,000 levy by district No. 17 for the year 1926 should be extended upon the tax lists of the county auditor, the actual facts were, therefore, that the entire amount of such levy had already been extended by the auditor (although not in the manner directed by this court), paid by the taxpayers, and received by the district.

After the mandate of this court and the judgment below pursuant thereto, district No. 17 demanded of the county auditor of McCook county that he comply with said judgment. In a valiant effort to accomplish this feat in the face of the existent facts, the then county auditor did this: He ascertained that the levy of $30,000 for the year 1926, if it had been spread and extended at the same rate upon all taxable property in the district according to the valuations for that year, would have required a mill levy upon all property in the district at the uniform rate of 24.49 mills. Since nonagricultural property had already paid at a higher rate,

the auditor did nothing with reference to such property; but since agricultural land had paid at the rate of 16.91 mills only, he undertook to spread against such agricultural land a further levy for the year 1926 at the rate of 7.58 mills, being the difference between the 16.91 mills paid and the 24.49 mills which ought to have been borne by all if the tax had been properly spread and extended in the first instance. The county auditor therefore made up and certified to the county treasurer a tax list which was christened a tax list "for additional 1926 school tax covering agricultural lands in Independent School District No. 17 of the City of Salem." The aggregate amount of the tax so attempted to be extended against agricultural lands in the district at the rate of 7.58 mills was $2,020.58.

At this stage of the proceedings one Myers, an agricultural landowner in said district against whose property a charge was made upon the so-called "additional 1926 school tax list," together with others in the same predicament and in behalf of all similarly situated, instituted an action in the circuit court of McCook county, S. D., against McCook county and the treasurer and auditor of said county; the prayer of the complaint being that the purported additional tax levy for 1926 of 7.58 mills be declared void; that the same be canceled and discharged upon the records; that the title of plaintis to their realty be quieted against any claim or lien by reason thereof; and that the defendants be permanently enjoined from collecting or attempting to collect any tax by virtue of said purported levy. School district No. 17 was impleaded in the action as a defendant. The defendants answered challenging the jurisdiction of the court and asking for dismissal of the complaint.

Judgment was entered below on December 24, 1931, in favor of the plaintiffs, adjudging that the attempted additional levy for 1926 was null and void; that the auditor and treasurer cancel and discharge the same from their records, and that the title of the respective plaintiffs to their realty be quieted as against such purported levy, and that "each and all of said defendants and all persons, firms, or corporations claiming under the defendants are hereby restrained and enjoined from making or asserting any right, title, claim or interest to or in said lands under or by virtue of, or growing out of said purported additional 1926 tax." Thereupon

school district No. 17 brought the present original proceeding in this court to review by certiorari the proceedings of the circuit court and the judgment of December 24, 1931, claiming that the circuit court had exceeded its jurisdiction. The contention of plaintiff in certiorari is based on two principal grounds: First, that the judgment of December 24, 1931, constituted a collateral attack upon the final judgment and mandate of this court made and entered upon appeal in Simmons v. Ericson; second, that said judgment in effect granted a permanent injunction against the collection of taxes in violation of that portion of section 6826, R. C. 1919, which provides that: " * * * No injunction to restrain or delay the collection of any tax claimed to be due shall be issued by any court, but in all cases in which for any reason, it shall be claimed that any tax about to be collected is wrongful or illegal, in whole or in part, the remedy, except as otherwise expressly provided by this code, shall be by payment under protest and action to recover, as provided in this section."

We are now somewhat in doubt as to whether we should have issued the writ in this case. Inasmuch as we did issue the writ, however, and the matter has been fully presented, we think the interests of all parties will be best served if we dispose of the matter on the merits. We therefore assume in favor of plaintiff (without intending thereby to create a precedent for future cases) that the points urged go to the jurisdiction of the court below. We further assume an entire identity of interests plaintiff in the two cases of Simmons et al v. Ericson, and Myers et al v. McCook County.

We will examine first the contention that the circuit court's judgment of December 24, 1931, now for review, was in excess of its jurisdiction as a collateral attack, and attempted reversal of the judgment of this court in Simmons v. Ericson on appeal and the judgment therein entered below pursuant to our mandate. We think it very plain that it is not. The action of the county auditor in attempting to spread the so-called "additional 1926 tax levy" can find no support in the judgment or mandate of this court in Simmons v. Ericson, or the judgment of the circuit court upon the remand therein. As previously pointed out, this court on the appeal of Simmons v. Ericson dealt with the matter

upon the theory presented by the appeal, to-wit, that a $30,000 tax levy had been made by the board of district No. 17 for the year 1926 and had not yet been extended and spread by the county auditor. We directed, as the case presented to us required, the manner in which such extension should be made. Actually, however, by reason of facts transpiring prior to the judgment of this court and without the knowledge of this court, compliance with the mandate of this court in Simmons v. Ericson was utterly impossible of accomplishment. The $30,000 tax levied for 1926 had already been extended and fully paid. Whether or not that should have been done prior to or pending the appeal in Simmons v. Ericson is not presented in this case. It was done and no party to Simmons v. Ericson is in position to object to it. The county auditor who was defendant in that case spread the tax. The plaintiff landowners paid it without protest, and the intervening school district accepted the money. So far as any of those parties are concerned, therefore, it is not subsequently open to question. When the opinion went down from this court in Simmons v. Ericson, the proper procedure would have been to apply here for rehearing, show the fact situation as it existed, and the mandate of this court would have been changed so that it would not purport to direct the handling in a certain fashion of a transaction that subsequent to the appeal had in fact been otherwise handled, fully closed, and completed with the assent of all parties to the litigation. Instead, however, of bringing to the attention of this court in proper fashion the supervening facts which rendered our mandate impossible of performance and thus correcting the situation, the county auditor, or his successor in office, attempted (undoubtedly in the very best of good faith) to work out a sort of cy pres accomplishment of the impossible. The result of his conduct was to attempt to collect from the agricultural landowners of district No. 17 as a purported tax for 1926 approximately $2,000 which had never been levied as a tax by the taxing authorities of the district or any one else, and in complete disregard of the fact that the full tax levied for the year 1926 had already been paid. The levying of a tax is not a judicial function and there was neither attempt nor intention by this court in Simmons v. Ericson to levy any tax for district No. 17 for the year 1926. We were merely undertaking to direct the manner of spreading and extending the $30,000 tax already prop-

erly levied which, so far as we were advised, had not yet been spread. The conduct of the county auditor, however well intentioned, was not in any sense or manner a compliance with or performance of the judgment entered pursuant to the mandate of this court on the remand of Simmons v. Ericson. It necessarily follows therefore that the judgment of December 24, 1931, now under consideration was not a collateral attack upon the mandate of this court or upon any final judgment entered below pursuant thereto.

■ We come then to a consideration of the argument that the judgment under review is in excess of the jurisdiction of the court as being in violation of that portion of section 6826, R. C. 1919, which forbids injunction to restrain or delay the collection of any tax claimed to be due. Defendants urge that the judgment of December 24 does not, strictly speaking, enjoin the collection of any tax and therefore is not within the bar of the statute. This position, we think, is not well taken. The plaintiffs below in their complaint asked for an injunction. It is true that in entering the judgment the court avoided the general language of injunction. It did, however, accomplish substantially the same result. It directed the levy as extended to be canceled and discharged of record, quieted the title of plaintiffs to their realty as against the same, and enjoined and restrained the assertion of any claim against the realty by virtue thereof. To say that this could be done in cases where the statute has application and that it would be permissible so long as the court refrained from specifically stating that the collection of the tax should be restrained and enjoined would amount, for all practical purposes, to a repeal of the statute, and would permit the utter disregard thereof, and the accomplishment of the precise result which the statute was designd to prevent merely by the cautious avoidance of certain formal words of art.

■ We are of the opinion, however, that section 6826, R. C. 1919, has no application to the facts here presented. The taxing power is a legislative power, not delegable, excepting (for local purposes) to the governing bodies of certain governmental subdivisions and public corporations. See Cooley on Taxation, 4th Ed., § 75, et seq. The levy of a tax is an act legislative in its nature which determines that a tax shall be laid and fixes the amount thereof. See Cooley on Taxation, 4th Ed., § 1012; Morri-

son v. Moir Hotel Co. (1917) 204 Ill. App. 433. The levy of the tax, strictly speaking, is a function separable from the mathematical computation of the rate upon the valuation or the amount of tax chargeable to any individal or particular piece of property. These latter functions are ministerial and are customarily performed, as in this state, by a county auditor or some similar officer. The authority to perform them, however, must be bottomed in every case upon a tax levy by an authorized taxing power. We think we have here no question of a tax claimed to be wrongful or illegal, but a situation where there is in contemplation of law no tax at all. The purpose of the provision of section 6826, R. C. 1919, now under consideration, is to permit taxing districts which have made levies for their needs to receive the contemplated revenues whereby they will not be crippled in operation, and disputes with reference to the legality thereof are to be deferred for subsequent decision with opportunity to make adequate provision for refund if adjudged. The case before us presents no such situation. District No. 17 has long since received all the money it ever levied for any purpose for the year 1926. We are of the opinion that when a county auditor attempts to spread or extend upon the tax lists a charge which has not been certified or attempted to be certified to him in any manner by any taxing authority or anybody claiming taxing powers the result is not a "tax" within either the spirit or the letter of section 6826, R. C. 1919.

We are of the opinion that the circuit court did not exceed its jurisdiction in the case of Myers et al v. McCook County et al, and the judgment of the circuit court entered in said cause on December 24, 1931, and now before us for review upon certiorari is therefore in all things affirmed.

POLLEY, ROBERTS, and WARREN, JJ., concur.
RUDOLPH, J., disqualified and not sitting.