STATE, ex rel., JENSEN, Plaintiff, v. KELLY, State Auditor,
et al, Defendants.

(274 N. W. 319)

(File No. 8080. Opinion filed June 22, 1937)

*O'Keeffe & Stephens,* of Pierre, for Plaintiff.

*Clair Roddewig,* Atty. Gen., *Windsor Doherty,* Asst. Atty. Gen., and *Donald Fellows,* of Mitchell, for Defendants.

PER CURIAM. This is an original proceeding in this court instituted by Leslie Jensen as Governor and as a taxpayer, on behalf of himself and all other taxpayers similarly situated, against Raymond A. Kelly, as State Auditor, W. H. Hinselman, as State Treasurer, Clair Roddewig and Guy E. Geelan, as members of the Commission of Justice and Public Safety of the State of South Dakota, and B. D. Mintener, as Superintendent of the Department of Justice and Public Safety, to prohibit and enjoin the disbursement of public funds of the state appropriated by section 42, chapter 134, Laws 1935, for the support and maintenance of the Department of Justice and Public Safety. It is alleged in substance that this section is unconstitutional in so far as it appropriates funds for the purpose mentioned. Defendants filed a return in the nature of a general demurrer.

The first question presented is whether plaintiff has such an interest as to entitle him to bring these proceedings. We do not believe that within the prior decisions of this court such right can be seriously questioned. It has become the settled law of this state that a taxpayer need not have a special interest in an action or proceedings nor suffer special injury to himself to entitle him to institute an action to protect public rights. White Eagle Oil & Refining Co. v. Gunderson, 48 S. D. 608, 205 N. W. 614, 618, 43 A. L. R. 397; State ex rel. Bryant v. Dolan, 61 S. D. 530, 249 N. W. 923. Nor is there any merit in the contention that a proceeding of this nature should not be entertained by this court unless the proceeding is instituted in the name of the state upon the relation of the Attorney General. In White Eagle Oil & Refining Co. v. Gunderson, supra, it is said; "Generally this court will not exercise its original jurisdiction in such case, unless the

action is prosecuted in the name of the state upon the relation or information of the Attorney General. However, since the Attorney General is a party defendant and refuses to prosecute the action, we think we should hear the suits on the relation of plaintiffs." We see no reason to differ with such conclusion, though it does not appear that the Attorney General refused to institute the proceedings, if he is a party defendant and defends in the proceedings.

Plaintiff bases his claim of the invalidity of the appropriation upon constitutional grounds. The necessity of a prompt decision renders it difficult to do more than briefly state the contentions of the parties and our conclusions. It is contended that the appropriation for the support and maintenance of the Department of Justice and Public Safety in section 42, chapter 134, Laws of 1935, is in violation of section 21 of article 3 and section 2 of article 12 of the State Constitution. The first of these sections reads as follows: "No law shall embrace more than one subject, which shall be expressed in its title." Section 2 of article 12 is in the following language: "The general appropriation bill shall embrace nothing but appropriations for ordinary expenses of the executive, legislative and judicial departments of the state, the current expenses of state institutions, interest on the public debt, and for common schools. All other appropriations shall be made by separate bills, each embracing but one object, and shall require a two-thirds vote of all the members of each branch of the legislature."

The title of the act in question is as follows: "An Act Entitled, An Act Providing for the Manufacture, Sale and Distribution of Intoxicating Liquor, and For the Control and Supervision Thereof, and Repealing Existing Laws in Conflict Herewith, and Declaring an Emergency."

The general subject of the act is the provision for the manufacture, sale, and the control and disposition of intoxicating liquor, and that subject is clearly expressed in the title. City of Pierre v. Siewert, 63 S. D. 485, 261 N. W. 42. Section 42 provides for the disposition of the funds derived from licenses and taxes imposed by the act. It is provided in this section that certain license fees shall be credited to the law enforcement fund which is appropriated "to the use of the Department of Justice and Public

Safety of the State of South Dakota" and the superintendent of the department is expressly authorized to "use such funds for the proper enforcement of this act and other existing laws." The law enforcement fund is also by the provisions of section 42 made available for the payment of all salaries and expenses of the Liquor Control Commission. The Department of Justice and Public Safety was created by chapter 97, Laws 1935, and its officers and agents are vested with general authority with respect to the enforcement of criminal laws and inspection and regulatory measures. It is manifest that the appropriation embraced in section 42 of chapter 134, Laws 1935, is not confined to the expense of enforcing and administering its provisions. It is contended that such an appropriation is a separate subject-matter and not embraced within the title.

 No rule is better settled than that every presumption is in favor of the validity of legislative action, and that the courts should sustain the constitutionality of a statute unless its infringement of constitutional restrictions is so palpable as to admit of no reasonable doubt as to its constitutionaltiy. As to the constitutional provision that no law shall embrace more than one subject which shall be expressed in its title the courts are vested with no dispensing power. "Ours is a constitutional government, the people, in their sovereign capacity, have placed the above restriction upon the methods of legislation, have prescribed the above rule which their legislative servants must conform to, and, if they neglect to conform to this rule and keep within this restriction," as stated by this court in Metropolitan Casualty Insurance Co. v. Basford, 31 S. D. 149, 139 N. W. 795, 798, "their labor, no matter how meritorious otherwise, will be of no effect, as this section of the Constitution is mandatory." It is contended by the defendants that the disposition of revenue arising under the provisions of the act and the appropriation thereof are so related to the general subject as not to constitute a separate subject within the meaning of the constitutional provision prohibiting a statute from embracing more than one subject. There is no well-defined rule by which a title of an act may be tested to determine its compliance with this constitutional provision. The history and purpose of such provision is well understood; as stated by this court, it is intended to pre-

vent the bringing together in one act of subjects having no necessary connection or relation with each other, to guard the Legislature and persons affected by the law against surprise and imposition, and to prevent popularly called logrolling legislation. State v. Morgan, 2 S. D. 32, 48 N. W. 314, 317; State v. Becker, 3 S. D. 29, 51 N. W. 1018; Lemmon Ind. School Dist. v. Rowbotham, 48 S. D. 641, 205 N. W. 706; Woods Bros. Construction Co. v. Board of Com'rs of Yankton County, 55 S. D. 161, 225 N. W. 228. The requirement, generally speaking, is that the title must embrace the subject of the act and the body of the act must not include matters so incongruous that they cannot by any fair intendment be considered germane to the subject expressed in the title. If the title is sufficient to give notice of the general subject, its generality is no objection. A title is not intended to be an index of the statute. Chapman v. Rural Credits Board, 46 S. D. 72, 190 N. W. 884.

In support of their contention that the provisions in question are germane and cognate to the subject, defendants cite and rely principally upon Commonwealth v. Powell, 249 Pa. 144, 94 A. 746, 749. This was a case wherein an application was made for a writ of mandamus to compel the Auditor General of the State of Pennsylvania to draw his warrant in favor of the relator on a fund derived from the registration of license fees for automobiles. Section 15, article 3 of the Constitution of that state is almost identical with the similar provision of the Constitution of this state (article 12; § 2). In discussing the question whether the disposition of the funds was germane to the subject expressed in the title, the court said: "Clearly the disposition of such fees, paid as an incident to the system of regulation, was a matter closely allied thereto, and naturally to be considered by the Legislature in connection with the main purpose of the act. The statute would have been incomplete, had it required the payment of fees, without providing for any disposition of them. No argument should be required to show that provisions for attaining the various objects, which relate to the general subject of the bill, may be dealt with by its terms, without laying it open to the charge of containing more than one subject. A law may relate to but one subject (the liquor traffic, for instance), which it may regulate in various ways, and thereby

accomplish several objects. In the present case the law relates to motor vehicles, and it regulates them in a number of particulars, with the result that a number of objects are incidentally accomplished, one of which is the creation of a fund to assist in the construction and repair of the highways, upon which the motors are operated."

Conceding for the purposes of discussion that the provisions in the statute appropriating revenues arising under its terms for the support and maintenance of the two agencies of the State government, namely, the Liquor Control Commission and the Department of Justice and Public Safety, are germane to the subject expressed in the title, we have the further question for determination whether these provisions offend against section 2, article 12 of the Constitution. This constitutional provision divides appropriation bills into two classes: First, the general appropriation bill enacted by the usual majority vote; and, second, all other or special bills containing appropriations enacted by a two-thirds vote. By the act in question the Legislature clearly intended to create a continuing appropriation. The Constitution intends that the Legislature shall provide in the general appropriation bill the biennial appropriations for the ordinary expenses of the executive, legislative and judicial departments of government, the current expenses of state institutions, interest on the public debt, and for the common schools. If the biennial appropriations for the ordinary expenses of the state government may be included in two or more bills, it is apparent that the act in question may not be regarded as one of such bills for the reason that it is a continuing appropriation and for the further reason that the affirmative matters contained in the act could not be included in a general appropriation bill.

Defendants contend that the restrictive features of the Constitution with respect to special appropriation bills are not applicable to the act in question, citing Commonwealth v. Powell, supra. The court in that case, speaking of appropriations under a similar constitutional provision, concluded: "This provision of the Constitution was only intended to apply to the biennial appropriations made by the Legislature out of the general revenues of the commonwealth. It has no application to a fund created for a special pur-

pose and dedicated by the act under which such fund is to be created to a particular use. The appropriation of the fund so created continues as long as the act which dedicates it to a particular use remains in force."

Whether revenue in the state treasury is derived from general taxation, from license fees, or other sources, we are of the opinion that the provisions of section 2, article 12, apply. This section was designed to safeguard public revenues against hasty and ill-advised legislation and to prevent the evils resulting from combinations. Keeping in mind the purpose sought to be accomplished and the evils sought to be prevented, we believe that the source of the revenue suggests no basis for distinction. The Constitution does not manifest an intention to restrict the application of this section to any particular revenues.

The Constitution of this state uses the word "subject" in the provision referring to titles, and the word "object" is used in the provisions referring to appropriation bills. The Constitution of Pennsylvania uses the word "subject" in similar sections of its Constitution. It is the holding in that state that the word conveys the same meaning in both sections, and that if a bill does not violate the provisions of the section which prohibits a bill containing more than one subject, it cannot violate the constitutional provision that a special appropriation bill may embrace but one subject. Constitutional Defense League v. Waters, 309 Pa. 545, 164 A. 613. The Constitution of Colorado also uses the word "subject" in both constitutional provisions. Whatever may be the meaning that should be given to the word "subject" in the constitutional provision referring to titles, as stated by the Supreme Court of that state, that word in the section relating to appropriations to effectuate its purposes must be construed to be substantially equivalent to "purpose." In re House Bill 168, 21 Colo. 46, 39 P. 1096. These words "subject" and "object" have been construed to convey the same meaning, but this court in State v. Morgan expressed the view: "In some of the state constitutions the word 'object' has been used instead of 'subject.' In the construction of this clause the courts have used the words synonomous; which, strictly speaking, is not so. The 'subject' of a statute is the matter of public or private concern for which the law is enacted;

the object is the aim or purpose of the enactment." This view is also expressed in State ex rel. Taylor v. Mirabal, 33 N. M. 553, 273 P. 928; Stone v. Brown, 54 Tex. 330; State v. De Hart, 109 La. 570, 577, 33 So. 605; Town of Ruston v. Dewey, 142 La. 295, 76 So. 719. It may be presumed that the framers of the Constitution had some reason for using different words in these closely related sections. Considering the matters with which the constitutional provision deals, we believe that the word "object" is used in the sense of "purpose."

The appropriation under consideration is a direct violation of such constitutional provision. A continuing appropriation for the support and maintenance of the Liquor Control Commission and the Department of Justice and Public Safety is not for a single object or purpose. To uphold a special appropriation bill providing funds for separate and distinct departments, institutions, or agencies of the state government is to permit the objectionable practice at which the constitutional provision under consideration is directed. The attempted appropriation is void and of no effect, and the application for a writ of prohibition is therefore granted.

All the Judges concur, excepting WARREN, J., who dissents.