ROYAL INDEMNITY COMPANY, Appellant

v.

METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK, et al., Respondents

(128 N.W.2d 111)

(File No. 10069. Opinion filed May 6, 1964)

Davenport, Evans, Hurwitz & Smith, Sioux Falls, for Plaintiff and Appellant.

Woods, Fuller, Shultz & Smith, Sioux Falls, Hanley, Costello & Porter, Rapid City, Agor, Bantz, Siegel & Barnett, Aberdeen, for Defendants and Respondents.

RENTTO, J. This litigation seeks a declaration as to which of three insurance companies shall bear the burden of a loss suffered by the defendant Viola M. Miller.

Kathleen Sloy of Seattle, Washington, was employed by Rival Manufacturing Company of Kansas City, Missouri, to demonstrate a steam iron which it was arranging to place in Singer Sewing Machine Company shops and stores on an exclusive basis. For a time after her employment she called on Singer stores and shops in New England doing her traveling by public conveyance. Shorty before the incident of loss here involved she was assigned to Minneapolis, Minnesota, from where she was expected to cover areas in the states of Minnesota, Wisconsin, North and South Dakota. She was directed to rent a car in Minneapolis with which to travel the territory.

For this purpose she rented a car from the Avis Rent a Car System. When Mrs. Sloy started her travels in the area, the defendant Miss Miller, an employee of the Singer shop in Minneapolis, went along to work with her. On February 22, 1960, near Groton, South Dakota, the rented car driven by Mrs. Sloy and in which Miss Miller was a passenger, but not a guest, was involved in an accident resulting in injury to Miss Miller. Claiming that Mrs. Sloy was negligent in the operation of the rented car she sued her and Rival in the U. S. District Court for the district of South Dakota and recovered a judgment against both of them in the sum of $19,000 from which no appeal was taken and which is unsatisfied.

Royal Indemnity Company, plaintiff herein, provided liability coverage for Rival while the defendant Metropolitan Casualty Insurance Company of New York had issued a policy of liability insurance to Sam Sloy, husband of Mrs. Sloy, and the defendant Continental Casualty Company provided liability coverage for Avis.

The trial court concluded that by reason of an exclusion provision in its policy Continental was not liable and dismissed the action as to it. This ruling is not here in question. It also determined that Royal's policy insured the liability of Rival and its employee Mrs. Sloy and further concluded that the policy is-

sued by Metropolitan to Sam Sloy also insured Mrs. Sloy. The limits of liability in the policy issued to Rival by Royal was the sum of $1,000,000 to any person injured in any one accident and in the Metropolitan policy carried by Mr. Sloy it was the sum of $25,000. The trial court held that the liability of Royal for the Miller judgment should be in the proportion of 1,000,000/1,025,000 thereof and that of Metropolitan in the proportion of 25,000/1,025,-000 thereof. Judgment was entered accordingly from which only Royal appeals.

Concerning the renting of the car in question the court found that:

"* * * shortly before February 22, 1960, she went to Minneapolis, Minnesota, where, at the direction and on the credit of her employer, she rented a car from the Defendant Avis Rent a Car System in Minneapolis; that this was the first and only car rented by Mrs. Sloy; that on the written rental agreement her name is listed as the renter of the car; her employer had arranged for her to be furnished with an American Express credit card in her name, with the name of her employer immediately under her name upon said card, and her employer was to pay the rental bill or charge on the rented car and was to reimburse Mrs. Sloy for such items as gas, oil, and storage incurred by her in the operation of said car; that the rental for said car was charged to her employer, Rival Manufacturing Company, and a statement therefor was rendered to her said employer which said statement was paid by the said employer."

From this basis it concluded that Mrs. Sloy "was the agent of Rival Manufacturing Company in the rental of the car from Avis Rent a Car System, and therefore Rival Manufacturing Company was the renter or lessee." Both of these determinations we think are justified and proper.

Royal's basic contention in the trial court and here is that its policy affords no protection to Mrs. Sloy with respect to the claim of Miss Miller. This position is stated in the brief as follows: "It is manifest that Mrs. Sloy was operating a hired auto-

mobile and it makes no difference whether she was the lessee of such automobile or whether Rival Manufacturing Co. was the lessee, because, if Mrs. Sloy was the lessee, then she is excluded from coverage because she is not the named insured and, on the other hand, if Rival Manufacturing Co. was the Lessee, then she, of course, was an agent or employee of Rival Manufacturing Co., and the exclusion provided under the Insuring Agreement * * * excludes Mrs. Sloy from coverage." The exclusion provision mentioned is III(d) set out in the following paragraph.

The provisions of its policy germane to and relied on in this regard are as follows:

"III. Definition of Insured

"The unqualified word 'insured' includes the named insured and also includes * * * (2) under coverages A and B, any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission, and any executive officer of the named insured with respect to the use of a non-owned automobile in the business of the named insured. The insurance with respect to any person or organization other than the named insured does not apply under division (2) of this insuring agreement * *

"(d) with respect to any hired automobile, to the owner, or a lessee thereof other than the named insured, or to any agent or employee of such owner or lessee."

Rival Manufacturing Company is the named insured and coverages A and B concern liability for bodily injury and property damage.

■■ The omnibus clause includes as an additional insured any person while using a hired automobile with the permission of the named insured. Surely this affords coverage to Mrs. Sloy. However, Royal argues that the last clause in exclusion (d) deprives her of coverage because she was an agent or employee of Rival—the lessee of the rented automobile. We

think this a too literal reading of the provision in that it does not give full effect to the word "such" in that phrase. The exclusion can also be read as meaning that the word "such" qualifies not only the term owner, but the term lessee as well. The owner or lessee referred to in the last phrase are obviously "such" as are mentioned in the preceding clause. When so read the reference to a lessee is to a lessee **other than the named insured.** In choosing between these two versions we are required to construe the provision against the insurer.

That is what the trial court did. It adopted the latter interpretation. This is also the holding in Maryland Casualty Co. v. Continental Casualty Co., D.C., 189 F.Supp. 764, wherein the court had before it identical provisions in somewhat similar circumstances. That opinion points out that auto rental agencies are not necessarily owners of the cars they let out. In this day it is a rather common practice for them to lease such fleets. In other words, the rental agency could be either an owner or a lessee of the fleet of cars which it has for rent. It is with such lessees that the provision is concerned. By its terms they are excluded from coverage. It is obviously the purpose of the provision to exclude such agencies from coverage whether they own or lease the vehicles which they furnish to their customers. The agents or employees mentioned in the exclusion are those of such agencies.

■■ Thus we have two policies providing coverage for the loss here involved. Consequently, the respective liabilities of Royal and Metropolitan must be determined by the "other insurance" provisions of their policies. The trial court found that in both policies these provisions provided excess insurance over any other valid and collectible insurance. This is supported by the record. In 7 Am.Jur,2d, Automobile Insurance, § 202, the applicable rule is stated thus: "* * * it is generally held that such clauses are mutually repugnant and must be disregarded, rendering each company liable for a pro rata share of the judgment or settlement, since, if literal effect were given to both 'excess insurance' clauses of the applicable policies, neither policy would cover the loss and such a result would produce an unintended absurdity. In most of these cases, proration has

been ordered in accordance with the proportionate policy limits afforded by the respective insurers, but this is not the universal holding." See also 45 C.J.S. Insurance § 925; 69 A.L.R.2d 1124; Insurance Counsel Journal, (Oct. 1962) Vol. XXIX, p. 620; Continental Casualty Co. v. Buckeye Union Casualty Co., Ohio Com.Pl., 143 N.E.2d 169. The trial court properly gave effect to the majority view.

Proceeding from the premise that the contract of employment between Rival and Mrs. Sloy was entered into in Missouri and that the law of that jurisdiction makes Mrs. Sloy liable to Rival for any loss suffered by it because of her negligence, Royal contends that its right to be subrogated to such claim of the employer should have been declared in this action. Complaint is made of the trial court's unwillingness to do so.

██ ██ In this regard the trial court is vested with a discretion. It may refuse to make a declaration if to do so would not terminate the controversy. SDC 1960 Supp. 37.0106. Since neither Rival nor Mrs. Sloy are parties to this action there existed substantial grounds for the view that any determination of that matter in this action would not terminate the controversy. SDC 1960 Supp. 37.0111. Accordingly, we feel that the trial court did not abuse its discretion in declining to declare the liability of Mrs. Sloy to Rival and any right of Royal to be subrogated thereto.

Affirmed.

All the Judges concur.