Ralph A. JOHNSON, Plaintiff
and Respondent,

v.

Michael ADAMSKI, Defendant
and Appellant.

No. 12388.

Supreme Court of South Dakota.

Argued Nov. 16, 1978.
Decided Jan. 18, 1979.

Robert C. Riter, Jr. of Riter, Mayer, Hofer & Riter, Pierre, for plaintiff and respondent.

William Quigley of Tidball & Kemnitz, Pierre, for defendant and appellant.

PER CURIAM.

Adamski appeals from a judgment in the amount of $1,734.00 plus costs, granted in favor of Johnson because of Adamski's breach of an express warranty on a horse. Since Adamski did not propose findings of fact or conclusions of law or move for a new trial, we may not review the sufficiency of the evidence to support the trial court's findings. We therefore affirm the judgment.

■ If a party does not present proposed findings of fact, make a motion for a new trial, or by some other apt motion, offer, objection or exception indicate his disagreement with the court's findings, the sufficiency of the evidence to support the findings may not be questioned on appeal, SDCL 15–26–20, 15–6–59(a); *Swanson v. City of Deadwood*, 88 S.D. 320, 219 N.W.2d 477 (1974); *Moody County v. Cable*, 82 S.D. 537, 150 N.W.2d 193 (1967); *Lang v. Burns*, 77 S.D. 626, 97 N.W.2d 863 (1959). The record does not reflect that Adamski proposed findings, moved for a new trial, or in any other apt manner objected to the court's findings. We cannot, therefore, review the sufficiency of the evidence to support any of the trial court's findings.

■ Adamski contends, however, that the trial court's finding that certain words constituted an express warranty was, in reality, a conclusion of law and should be reviewed whether SDCL 15–26–20 has been complied with or not. We have carefully considered the conclusions of law on the express warranty, including that challenged by Adamski, and find them to be adequately supported by the findings. Adamski's final contention in asking us to review the propriety of the findings is that SDCL 15–6–52(a) deems all findings excepted to. This argument is contrary to the holdings in the above-cited cases.

■ Adamski also challenges the admission or rejection of certain items of evidence and testimony. Since we are precluded from reviewing the sufficiency of the evidence, however, he has not been prejudiced by any error in admission or rejection of evidence.

■ Finally, Adamski contends that the trial court should have granted his motion to dismiss the case because of failure to join certain parties. The proper remedy for failure to join parties is joinder of the parties, and not dismissal of the lawsuit, so long as it is possible to join them. SDCL 15–6–19(a), 15–6–19(b). Since Adamski made no effort to join these parties, he may not now complain that they were not joined.

The judgment is affirmed.

FOSHEIM and HENDERSON, JJ., not having been members of the court at the time this matter was orally argued, did not participate.