AGAR SCHOOL DISTRICT #58–1 BOARD OF EDUCATION, AGAR, SOUTH DAKOTA; John Bush, Joan Bush, Jeff Bush, Jerry Bush, Carol Bush, and Tom Asmussen of Pierre, South Dakota; Stanley Asmussen, W.J. Asmussen, Ted Asmussen, Vernon Brandt, Mike Mikkelsen and Lewis Robbennolt of Agar, South Dakota; and Marion Schreiber of Gettysburg, South Dakota, Petitioners and Appellants,

v.

Sully County Auditor Patty McGEE, Sully County Treasurer Edna M. Brunmeier, Pierre · School District, Gettysburg School District, and Sully Buttes School District, Appellees.

Nos. 18758, 18761, 18767 and 18769.

Supreme Court of South Dakota.

Argued Oct. 17, 1994.

Decided Jan. 25, 1995.

Mark A. Moreno and Cheryl Schrempp Dupris of Schmidt, Schroyer, Colwill & Moreno, Pierre, for petitioners and appellants.

Darla Pollman Rogers of Sully County State's Atty., Onida, for appellees McGee and Brunmeier.

Craig E. Smith of Neumayr and Smith, Gettysburg, for appellee Gettysburg School Dist.

Robert D. Hofer of Riter, Mayer, Hofer, Wattier & Brown, Pierre, for appellee Pierre School Dist.

Dennis H. Hill and Thomas W. Stanton of Costello, Porter, Hill, Heisterkamp & Bush-

nell, Rapid City, for appellee Sully Buttes School Dist.

MILLER, Chief Justice.

Appellants Agar School District No. 58–1, Agar School District Board of Education, and certain taxpayers of Agar, South Dakota (collectively referred to as Agar) appeal the decision of the trial court granting dismissal to appellees Sully County Auditor, Sully County Treasurer, and the Pierre, Gettysburg, and Sully Buttes School Districts. Agar disputes the trial court's conclusion that the Agar School District and its board of education lacked standing to file suit challenging the validity of a tax because it had received no injury from the appellees' actions. Agar also appeals the trial court ruling that it had an adequate remedy at law pursuant to SDCL 10–27–1 so as to preclude its action for prohibition, injunction or declaratory relief. Sully County and Sully Buttes School District appeal, claiming that the South Dakota Department of Revenue was an indispensable party and that the trial court should have dismissed the action for this reason. Sully Buttes School District also alleges that summary judgment should have been granted to it on the grounds of champerty or maintenance. We affirm in part and reverse in part and remand.

## FACTS

The Agar School District closed its high school in 1984. It subsequently entered into agreements with the Pierre, Gettysburg, and Sully Buttes School Districts for the education of Agar's high school students. The South Dakota Legislature later enacted SDCL 13–15–14.2. Under this law, if the Agar School District did not operate a grade school and a high school within the boundary of the school district by July 1, 1993, it could be required to reorganize its school district or adjust its taxation. Agar School District prepared to re-open a high school. According to Agar, on July 1, 1993, one student was enrolled in a summer course which would apply toward his diploma at the new high school. Agar also claims that, in June 1993, four students had expressed their intention

to attend the new Agar high school in the fall of 1993.

In August 1993, Agar's Board of Education approved its budget for the 1993–94 school year. A budget report was sent to the Sully County Auditor, requesting that she make a property tax levy of approximately $637,-257.00 for the Agar School District. According to Sully County officials, the Department of Revenue rejected the levy on the grounds that a tax adjustment was required. The Sully County Auditor accordingly adjusted the tax levy, which caused an additional tax to Agar taxpayers of approximately $430,000. The Sully County Treasurer began collecting the tax in accordance with the higher, adjusted levy. Various Agar taxpayers, Agar School District, and the Board of Education filed suit against the Sully County Auditor, the Sully County Treasurer, and the Pierre, Gettysburg, and Sully Buttes School Districts. In an amended petition, they asked the court to declare the adjusted tax levy void and to prohibit the Sully County Treasurer and Auditor from collecting the additional tax and distributing it to the Pierre, Sully Buttes and Gettysburg School Districts.

The circuit court dismissed the case. Agar appeals to this Court and raises the following issues:

1. Whether the trial court erred in dismissing Agar's case under SDCL 15–6–12(b) and applicable precedent.

2. Whether the Agar School District and Board of Education have standing to sue and maintain a suit against Sully County and the Pierre, Sully Buttes, and Gettysburg School Districts.

3. Whether the trial court erred in holding that the Sully County Auditor's and Treasurer's actions were lawful and authorized by state law.

4. Whether the trial court erroneously held that Agar was not entitled to prohibition or injunctive and/or declaratory relief.

5. Whether the trial court erred in not granting Agar's motion for summary judgment, in whole or in part.

Sully County officials and/or Sully Buttes School District raise the following additional issues on appeal:

6. Whether the lawsuit was barred under SDCL 10–27–1.

7. Whether the case should have been dismissed for failure to join the South Dakota Department of Revenue as an indispensable party.

8. Whether Sully Buttes School District was entitled to summary judgment on the defense of champerty or maintenance.

## DECISION

### ISSUE I

WHETHER THE AGAR SCHOOL DISTRICT AND BOARD OF EDUCATION HAVE STANDING TO SUE AND MAINTAIN SUIT AGAINST SULLY COUNTY AND THE PIERRE, SULLY BUTTES, AND GETTYSBURG SCHOOL DISTRICTS.

■ "Standing is established through being a 'real party in interest' and it is statutorily controlled." *Wang v. Wang*, 393 N.W.2d 771, 775 (S.D.1986). Under SDCL 15–6–17(a), "[e]very action shall be prosecuted in the name of the real party in interest." The real party in interest requirement for standing is satisfied if the litigant can show " 'that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the Defendant.' " *Parsons v. South Dakota Lottery Commission*, 504 N.W.2d 593, 595 (S.D.1993) (quoting *Gladstone, Realtors v. Bellwood*, 441 U.S. 91, 99, 99 S.Ct. 1601, 1608, 60 L.Ed.2d 66, 76 (1979)).

■ The various taxpayer plaintiffs in this case clearly have standing to bring suit. "[A] taxpayer need not have a special interest in an action or proceedings nor suffer special injury to himself to entitle him to institute an action to protect public rights." *Wyatt v. Kundert*, 375 N.W.2d 186, 195 (S.D.1985) (citing *State ex rel. Jensen v. Kelly*, 65 S.D. 345, 347, 274 N.W. 319, 321 (1937)).

■ In contrast, the School District and Board of Education are not taxpayers. The

trial court concluded that these entities failed to establish any other injury that would satisfy requirements for standing.

◼ Agar argues that the School District and Board of Education have suffered actual or threatened injury as a result of the conduct of the Sully County Treasurer and Auditor. These claimed injuries consist of (1) the disbursement of the additional tax to the Pierre, Gettysburg, and Sully Buttes School Districts rather than the Agar School District; (2) the usurpation of the Board's and School District's taxing authority through the failure of the Sully County Auditor to obtain the approval of the Agar School District or Board of Education before carrying out the tax adjustment; (3) the possibility that the School District will be required to dissolve or combine with another school district under SDCL 13–6–9.4; and (4) potential liability for breach of the school district's and school board's fiduciary duty to taxpayers to levy and spend no more taxes than are reasonably necessary.

None of the alleged injuries cited by Agar satisfy standing requirements. Agar School District does not dispute that it received all of the money it requested for the relevant school year. Consequently, the fact that the additional tax will be disbursed to other school districts does not affect Agar School District's operation. Claims of harmful "usurpation" of the Board's or School District's taxing powers are likewise unconvincing in light of the School District's receipt of the full amount of tax money it requested. *See Nebraska Sch. Dist. No. 148 v. Lincoln Airport Authority*, 371 N.W.2d 258, 261 (Neb.1985) (school district lacked standing to challenge real estate acquisitions by airport authority where school district was not a taxpayer and would therefore suffer no increased tax burden or public loss from the expenditure, and school district would not lose money as a result of the acquisition).

Furthermore, "a hypothetical or abstract interest is insufficient to confer standing to bring a declaratory judgment action." *Mosher Steel–Virginia v. Teig*, 229 Va. 95, 327 S.E.2d 87, 91 (1985). Liability for breach of a nebulous "fiduciary duty" to taxpayers is highly speculative given the fact that neither the School District nor the Board of Education levied the allegedly tortious tax. Similarly, there is no evidence that imminent dissolution or recombination of the Agar School District is contemplated.

Lastly, Agar School District argues that its contracts with other school districts for the education of students confers standing in this action. The rights and liabilities of the parties to those contracts is not at issue in this case. Those contracts are only tangentially related to this action. This attenuated relationship is not sufficient to confer standing on Agar School District or the Board of Education.

We are therefore unable to conclude that Agar School District or the Board of Education have "a definite interest in the matters in contention in the sense that [their] rights will be significantly affected by a resolution of the contested point." *Bonan v. City of Boston*, 398 Mass. 315, 496 N.E.2d 640, 644 (1986). The trial court's decision to dismiss Agar School District and the Board of Education for lack of standing is affirmed.

However, because the Agar taxpayers have standing to bring suit, we must address the remaining issues presented in this case with reference to those plaintiffs.

ISSUE II

WHETHER THE TRIAL COURT ERRONEOUSLY HELD THAT AGAR TAXPAYERS WERE NOT ENTITLED TO AN INJUNCTION, PROHIBITION, AND/OR DECLARATORY RELIEF.

A. Injunction.

◼ In cases challenging the legality of a tax, injunctive relief is specifically prohibited by statute. SDCL 10–27–1 provides:

No injunction to restrain or delay the collection of any tax claimed to be due shall be issued by any court, but in all cases in which, for any reason, it shall be claimed that any tax about to be collected is wrongful or illegal, in whole or in part, the remedy, except as otherwise expressly provided by this code, shall be by payment

under protest and action to recover, as provided in § 10–27–2.

Agar taxpayers argue that this Court's ruling in *Salem Ind. Sch. Dist. No. 17 v. Circuit Court of McCook County*, 60 S.D. 341, 244 N.W. 373 (1932), allows injunctive relief in spite of the statutory prohibition.

*Salem* arises out of unique facts that are not present here. In *Salem*, the auditor had extended an additional tax beyond the $30,-000 levy approved by the school district. *Id.* 244 N.W. at 375. The auditor did so on the basis of his interpretation of a South Dakota Supreme Court decision. *Id.* The auditor had not received any authorization for the additional tax from any taxing authority, such as the legislature or the school board. *Id.* Taxpayers challenged the additional tax. *Id.* The trial court granted the taxpayers an injunction against collection efforts by the county auditor and other county officials and declared the tax void. *Id.* at 375–76. In upholding the injunction granted by the trial court, we concluded that the general prohibition against granting an injunction in a tax challenge was inapplicable, because "we have here no question of a tax claimed to be wrongful or illegal, but a situation where there is in contemplation of law no tax at all. . . . We are of the opinion that when a county auditor attempts to spread or extend upon the tax lists a charge which has not been certified or attempted to be certified to him in any manner by any taxing authority or anybody claiming taxing powers, the result is not a "tax" within either the spirit or the letter of section 6826, R.C.1919 [a predecessor to SDCL 10–27–1]." *Id.* at 377.

The reasoning of *Salem* does not apply to this case. Here, the legislature, the ultimate taxing authority, has granted the county auditor the power to extend an additional tax where the requirements of SDCL 13–15–14.2 are met. SDCL 13–11–9. Although Agar taxpayers dispute whether the requirements of SDCL 13–15–14.2 were satisfied, this contention amounts to a claim that the tax is wrongful or illegal. As such, the taxpayers' claim falls within the SDCL 10–27–1 prohibition against injunctive relief. The trial court properly dismissed taxpayers' request for an injunction.

**B. Prohibition.**

■ Under SDCL 21–30–2, "[t]he writ of prohibition may be issued by the Supreme and circuit Courts, to an inferior tribunal, or to a corporation, board or person, in all cases where there is not a *plain, speedy and adequate remedy in the ordinary course of law.*" (Emphasis added.) In this case, Agar taxpayers had a plain, speedy and adequate remedy in the ordinary course of law by virtue of SDCL 10–27–2. At the time of the trial court's decision, this "payment under protest" statute provided:

Any person against whom any tax is levied or who may be required to pay the same, who pays the same under protest to the treasurer authorized to collect the same, giving notice at the time of payment of the reasons for such protest may, at any time within thirty days thereafter, commence an action against such treasurer for the recovery thereof in any court of competent jurisdiction, and if the court determines that the same was wrongfully collected, in whole or in part, for any reason going to the merits of the tax, it shall enter judgment accordingly, and such judgment shall be paid in preference to any other claim against the county, upon the final determination of the action; and the pro rata share of the money so refunded shall be charged to the state and each taxing district which may have received any part of such tax. The right of appeal shall exist for both parties as in other civil actions.*

Therefore, the trial court properly dismissed the claim for prohibition.

**C. Declaratory Judgment.**

After disposing of the taxpayers' other claims, the trial court dismissed their request for declaratory relief. The court indicated that, as a matter of law, the appropriate remedy was provided by the payment under protest statute at SDCL 10–27–2, and that the remedy under that statute was better

---

* The first sentence of SDCL 10–27–2 has since been amended, although these amendments are minor and do not affect the disposition of this case.

suited to handle the factual scenario presented by this case. The trial court gave no further explanation as to why a proceeding under SDCL 10–27–2 would be superior in determining the facts of the case.

■ This Court rejects the trial court's reasons for dismissing the action for declaratory relief. *A request for declaratory relief may be allowed even when another adequate remedy exists.* As a general matter, the Uniform Declaratory Judgments Act provides: "No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for." SDCL 21–24–1. More specifically, SDCL 15–6–57 states in pertinent part: "The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate."

■ Further, in *Arneson v. Baker,* 76 S.D. 262, 77 N.W.2d 325 (1956), this Court ruled that the payment under protest remedy provided by statute is not an exclusive remedy, and that declaratory relief is appropriate in cases alleging the illegality of a tax. Under the rationale of *Arneson,* an action for declaratory relief is consistent with SDCL 10–27–1 and –2, because a request for declaratory relief does not hinder tax collection efforts. *See Arneson,* 77 N.W.2d at 327. Furthermore, a declaratory judgment action is a meaningful alternative to payment under protest statutes, because it permits "the joinder in interest of many plaintiffs who might otherwise, however much aggrieved, be individually unable to secure review of such questions." *Id.*

In addition, the trial court's statement that a proceeding under SDCL 10–27–2 is better able to handle the factual scenario of this case is unconvincing. Under SDCL 21–24–9, when a declaratory judgment action "involves the determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending." Consequently, the same methods for making factual determinations were available to the trial court in this declaratory action as were available under SDCL 10–27–2.

The dissent suggests that the declaratory judgment action should be dismissed, because "whether the action is brought under these statutes or the declaratory judgment act, the taxes cannot remain unpaid pending the outcome of the lawsuit." The record indicates that at least two of the taxpayers paid the adjusted tax in full, prior to the filing of their action. Denying these taxpayers the option of pursuing their declaratory challenge is contrary to the holding in *Arneson.* Furthermore, the trial court, which erroneously granted an alternative writ of prohibition to delay collection of the tax, could simply have dissolved the writ and required payment. Dismissal of Agar taxpayers' claim for declaratory relief was unwarranted.

ISSUE III

WHETHER THE CASE SHOULD HAVE BEEN DISMISSED FOR FAILURE TO JOIN THE SOUTH DAKOTA DEPARTMENT OF REVENUE AS AN INDISPENSABLE PARTY.

■ Sully Buttes School District and the Sully County Treasurer and Auditor argue that the trial court should have dismissed the action for failure to join the Department of Revenue as an indispensable party. We reject this argument. "The proper remedy for failure to join parties is joinder of the parties, and not dismissal of the lawsuit, so long as it is possible to join them." *Johnson v. Adamski,* 274 N.W.2d 267, 268 (S.D.1979) (citing SDCL 15–6–19(a); SDCL 15–6–19(b)). None of the parties have argued that it was not feasible to join the Department. Consequently, even if the Department were found to be a necessary party, the proper remedy would have been for the court to order joinder rather than to dismiss the action. *Shangreaux v. Westby,* 281 N.W.2d 590 (S.D.1979).

Further, we do not find the Department to be a necessary party so that joinder is required. SDCL 15–6–19(a) governs joinder of necessary parties. This statute provides in relevant part:

A person who is subject to service of process shall be joined as a party in the action if

(1) in his absence complete relief cannot be accorded among those already parties, or

(2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

None of the enumerated prerequisites for joinder are satisfied as to the Department. First, complete relief can be granted in the absence of the Department. Even if Department suggested or endorsed a particular interpretation of a statute pertaining to taxation, that alone does not require that it be joined as a party. The trial court may issue a definitive interpretation of any statute without requiring the joinder of government agencies that favor particular statutory constructions. Second, there is no indication that the Department has a protectable interest in the outcome of this case or that the existing parties would be subject to additional liability in the absence of the Department.

### ISSUE IV

WHETHER SULLY BUTTES SCHOOL DISTRICT WAS ENTITLED TO SUMMARY JUDGMENT AS TO THE AGAR SCHOOL DISTRICT AND BOARD OF EDUCATION ON THE DEFENSE OF CHAMPERTY OR MAINTENANCE.

▓ Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. SDCL 15-6-56(c). "Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. If there exists any basis which supports the ruling of the trial court, affirmance of a summary judgment is proper." *Garrett v.*

*BankWest, Inc.,* 459 N.W.2d 833, 837 (S.D. 1990) (citations omitted).

The trial court properly denied summary judgment to Sully Buttes School District on the grounds of champerty or maintenance. Sully Buttes School District is a nonparty to the alleged agreement among Agar School District, the Board of Education, and various taxpayers for payment of attorney's fees and costs incurred by the taxpayers. As a nonparty to the agreement, Sully Buttes may not assert champerty as a defense against the taxpayers, the original owners of the cause of action. *See* 14 Am.Jur.2d *Champerty and Maintenance* § 15 (1964). "[T]he fact that litigation grows out of a champertous contract is no defense in a collateral proceeding against one who is not a party to the contract." *Id.*

▓ The broader doctrine of maintenance is likewise inapplicable to this case. "It has been said that maintenance involves the act of improperly, for the purpose of stirring up litigation and strife, encouraging others either to bring actions or to make defenses that they have no right to make." *Id.* at § 2. Improper motives are essential to establishing a maintenance claim.

A bargain for maintenance, even though the bargain includes an agreement to pay the expense of litigation, is not illegal if entered into from charitable motives or without an intention to make a profit, or in order to determine a question on which a right or duty of the maintaining party depends; but if such a bargain is entered into for the purpose of annoying another, it is illegal.

*Id.* at § 9, note 13 (citing Restatement, Contracts § 541). *Improper motives are not apparent in this case.* Sully Buttes School District does not claim that the plaintiff taxpayers lack standing to challenge the tax adjustment or that their suit is frivolous or brought in bad faith. Additionally, neither Agar School District nor the Board of Education stand to profit from this action, since only declaratory relief is sought. Finally, "considering the status of society and conditions now prevailing in this country, to transfer a right of action or to maintain the suit of another without having any direct or contin-

gent interest in it will by no means necessarily produce mischief or oppression. Indeed, it may be that such assistance or maintenance will have a tendency to secure rights and promote the ends of justice." *Id.* at § 1 (1964).

## ISSUE V

WHETHER THE TRIAL COURT ERRED IN HOLDING THAT THE SULLY COUNTY AUDITOR'S AND TREASURER'S ACTIONS WERE LAWFUL AND AUTHORIZED BY STATE LAW.

■ The trial court referred to the lawfulness of the Sully County Auditor's and Treasurer's actions only in the context of Agar's claim for prohibition. Dismissal of the claim for prohibition was proper on other grounds. The issue of the lawfulness of the officials' actions as it relates to the merits of the case was not considered. This issue should be addressed on remand.

We need not address the additional issues raised on appeal, because we find them to be without merit. We reverse the trial court as to the dismissal of the taxpayers' action for declaratory relief, and remand for proceedings consistent with this opinion.

SABERS, AMUNDSON and KONENKAMP, JJ., concur.

WUEST, Retired Justice, concurs in part and dissents in part.

WUEST, Retired Justice (concurring in part and dissenting in part).

I concur with the majority's disposition of all issues in this case except the declaratory judgment issue.

The majority opinion cites *Arneson v. Baker*, 76 S.D. 262, 77 N.W.2d 325 (1956) in which this court acknowledged the split of authority among jurisdictions on the question of whether the existence of another adequate remedy precludes proceedings under the Declaratory Judgment Act in tax matters. We held in *Arneson* the predecessor statute to SDCL 10–27–1 and 10–27–2 did not constitute the exclusive remedy and that declaratory judgment actions would be permitted where the determination of such questions would not hinder the tax collection process. *Arneson*, 77 N.W.2d at 327. A declaratory judgment statute does not create or change any substantive rights, however, and will not be permitted to circumvent the legislative purpose of other statutes. *See generally* 26 C.J.S. *Declaratory Judgments* §§ 7 and 9 (1956) (explaining declaratory judgment acts' effect on substantive rights and relationship with other statutes). Also, where a specific statute conflicts with the declaratory judgment statute, the specific statute must prevail. *Id.* at § 9. *See also Meyerink v. Northwestern Pub. Serv. Co.*, 391 N.W.2d 180, 184 (S.D.1986). As recently as 1989, we stated the purpose of our "protest and suit" statutes is:

> to permit taxing districts which have made levies for their needs to receive the contemplated revenue whereby they will not be crippled in operation, and disputes with reference to the legality thereof are to be deferred for subsequent decision with the opportunity to make adequate provisions for refund if adjudged.

*Riverview Prop. v. State Bd. of Equalization*, 439 N.W.2d 820, 823 (S.D.1989) (citing *Chicago, Milwaukee, St. Paul & Pac. R.R. Co. v. Bd. of Comm'rs of Walworth County*, 248 N.W.2d 386, 389–90 (S.D.1976)); (quoting *Salem Indep. Sch. Dist. No. 17 v. Cir. Ct. of McCook County*, 60 S.D. 341, 244 N.W. 373, 377 (1932)). In other words, whether the action is brought under these statutes or the declaratory judgment act, the taxes cannot remain unpaid pending the outcome of the lawsuit.

We have stated the decision to grant or deny a request for declaratory judgment action rests with the trial court's discretion and, when granted, South Dakota's declaratory judgment act "is to be liberally construed and administered." *North Star Mut. Ins. Co. v. Kneen*, 484 N.W.2d 908, 911 (S.D. 1992) (citing *Royal Indem. Co. v. Metropolitan Cas. Co. of N.Y.*, 80 S.D. 541, 546, 128 N.W.2d 111, 114 (1964) and *Kneip v. Herseth*, 87 S.D. 642, 647–48, 214 N.W.2d 93, 96 (1974)). However, while construction of declaratory judgment acts should be liberal, such construction must be reasonable and

confined within definite limits; such acts are not to be used as instruments of procedural fencing, either to secure delay or to chose a forum. *Williams v. Southern Bank of Norfolk*, 203 Va. 657, 125 S.E.2d 803, 807 (App. 1962) (citing 26 C.J.S. *Declaratory Judgments* § 9 (1956)). In *Arneson*, we defined those limits to be those situations in which the collection of tax revenues would not be delayed by the declaratory relief proceedings. *Arneson*, 77 N.W.2d at 327.

In the present case, there is evidence in the record that the taxpayers had not paid their 1993 taxes levied by Sully County at least as of the date of the motions hearing, April 29, 1994, and that said taxes would become delinquent April 30, 1994. The circuit judge announced his decision at that hearing and filed his order May 10, 1994 so there is no further evidence as to whether the taxes at issue here were paid before becoming delinquent, or, in fact, whether they have been paid as of this date.

I dissent because it appears under the facts of this case the request for declaratory judgment has been for the purpose of avoiding payment of an assessed tax, which our holding in *Arneson* will not permit.