STOP & SHOP COMPANIES, INC. *vs.* BOARD OF REGISTRATION IN PHARMACY.
April 10, 1985. *Practice, Civil,* Declaratory relief. *Administrative Law,* Regulations.

Stop & Shop Companies, Inc. (plaintiff), requested a declaration that G. L. c. 112, § 39, and certain regulations promulgated by the Board of Registration in Pharmacy (board) pursuant to that statute, are either wholly invalid, or inapplicable to a pharmacy the plaintiff intends to operate in Pembroke. The premise of the plaintiff's complaint is that the board would interpret the challenged statute and regulations so as to deny the plaintiff permission to operate a pharmacy of a particular design. A judge of the Superior Court concluded that the statute and regulations were valid. The plaintiff appealed, and we transferred the case to this court. We hold that declaratory judgment is not appropriate in this case because the plaintiff failed to present an "actual controversy" within the meaning of the Declaratory Judgment Act, G. L. c. 231A, § 1.

In declaratory judgment actions brought against permit granting authorities by landowners who are proposing to make some new use of their property, an "actual controversy" is present in cases where "[o]wners . . . have been denied permits," *Woods* v. *Newton*, 349 Mass. 373, 376 (1965), or have been "threatened with enforcement proceedings." *Id.* See also *Eve Corp.* v. *License Comm'n for Worcester*, 372 Mass. 869 (1977). In this case, because the plaintiff has failed to file an application for a permit with respect to its proposed Pembroke pharmacy, the board has not had the opportunity either to deny the permit, or even to threaten to deny it. Cf. *Belfer* v. *Building Comm'r of Boston*, 363 Mass. 439, 442 (1973) (even where permit not formally denied, actual controversy exists "as long as the permit granting authority had unequivocally stated" its

intention to deny). Nor is the plaintiff presently faced with enforcement proceedings. In these circumstances, no relief is available under G. L. c. 231A, § 1. See generally *Samuels Pharmacy, Inc.* v. *Board of Registration in Pharmacy*, 390 Mass. 583, 587-592 (1983). Cases such as *Massachusetts State Pharmaceutical Ass'n* v. *Rate Setting Comm'n*, 387 Mass. 122, 126 (1982), which hold that, in certain situations, "a direct judicial challenge to a general regulation" under G. L. c. 231A, § 1, is appropriate, do not require a contrary result. Those cases involve regulations, such as those which set rates or fees of general applicability, *id.* at 139, which apply to the challenging party without further administrative action. See also, e.g., *Massachusetts Gen. Hosp.* v. *Rate Setting Comm'n*, 359 Mass. 157, 165-166 (1971). In contrast, in this case it is not clear precisely how the regulations at issue would be applied by the board. In fact, the plaintiff has argued that the regulations are wholly inapplicable to its proposed pharmacy.

The plaintiff contends that the board denied a permit for a substantially identical pharmacy at another location, and thus that the board has, in effect, taken a position on the pharmacy at issue here. We disagree. Even if we assume that the board previously rejected a substantially similar application, that would not excuse the plaintiff from filing an application here. See *United States* v. *L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37 (1952); *Plant Power Div., Brown & Root, Inc.* v. *Occupational Safety & Health Review Comm'n*, 673 F.2d 111, 114-115 (5th Cir. 1982). The board in such a case should be given an opportunity to reconsider its position on the issue in light of new arguments or changed circumstances. See *Samuels Pharmacy, supra* at 589.

Since declaratory relief is inappropriate, we reverse the judgment and remand the case to the Superior Court for entry of judgment dismissing the complaint.

*So ordered.*

*David Berman* (*John F. Zamparelli* with him) for the plaintiff.
*William L. Pardee*, Assistant Attorney General, for the defendant.