RALPH ROGERS vs. COMMISSIONER OF CORRECTION & others.[1]

No. 87-82.

Norfolk.   November 18, 1987. — February 22, 1988.

Present: ARMSTRONG, BROWN, & KASS, JJ.

*Practice, Civil,* Declaratory relief, Answer. *Administrative Law,* Prison disciplinary proceeding.

Discussion of practice and procedure in actions seeking declaratory relief under the rules of civil procedure. [400-402]

In an action for declaratory relief in which a prison inmate challenged the lawfulness of certain disciplinary proceedings, the judge properly declared the rights of the parties and ordered relief where all dispositive facts were undisputed or assumed in the pleadings before the judge and where both parties had argued the case on the merits. [403-404]

CIVIL ACTION commenced in the Superior Court Department on January 2, 1985.

The case was heard by *Guy Volterra,* J.

*Annette C. Benedetto,* Assistant Attorney General, for the Commissioner of Correction & others.

*Donald A. Harwood* for the plaintiff.

KASS, J. When the case was called at a sitting of the Superior Court in M.C.I., Cedar Junction, the judge confronted something of a procedural fog generated by the defendants (hereinafter collectively the "government").

Rogers, an inmate of M.C.I., Norfolk, had filed a complaint (pro se) and an amended complaint (by counsel) for a declaratory judgment that he had been unlawfully deprived of certain prisoners' rights. See generally G. L. c. 231A, § 1, and Mass. R.Civ.P. 57, 365 Mass. 826 (1974).[2]

[1] The superintendent of M.C.I., Norfolk, a correctional officer at M.C.I., Norfolk; and the chairman of the disciplinary board at M.C.I., Norfolk.

[2] Whether Rogers' complaint involves violations of rights which are consistent or repeated in nature is not clear and, in all events, the government

As to the underlying disciplinary proceedings, it may be enough to say that Rogers had been charged with manufacture, possession, or use of home brew. What a guard found and seized, Rogers said, was Tang, a nonalcoholic drink. The disciplinary board believed the complaining witness and imposed punishment of five days of isolation. Rogers' complaint challenges the lawfulness of the manner in which the disciplinary proceedings were conducted.

More specifically, Rogers complained that: (1) the correction officer who seized Rogers' drink, whatever its nature, destroyed the evidence; (2) prison authorities refused to administer a urine test which Rogers had requested to establish his innocence; (3) the disciplinary board violated its own procedural regulations by not letting Rogers call certain witnesses and unduly restricting cross-examination; and (4) the board wrongly excluded a letter tending to prove that the principal complaining witness harbored a bias against Rogers. Attached to Rogers' amended complaint was the entire record of the disciplinary proceedings: the disciplinary report; the excluded documentary evidence; Rogers' written request for witnesses; the disciplinary board's decision; the appeal of the board's decision; Rogers' request that a neutral authority be appointed to decide his appeal; and the superintendent's denial of Rogers' appeal.

The government filed no answer (Mass.R.Civ.P. 8[b], 365 Mass. 749 [1974]) or other responsive pleading (Mass.R. Civ.P. 12, 365 Mass. 754 [1974]), although twice in the weeks following the filing of the complaint and once after the filing of the amended complaint it requested enlargements of time to do so. Mass.R.Civ.P. 6(b), 365 Mass. 747 (1974).

One gathers from the government's statements to the Superior Court judge that its paralysis stemmed from doubt about how to plead to a complaint for a declaratory judgment when the position of the defendants is that the plaintiff is not entitled to relief, assuming all facts pleaded in the complaint

has not raised the issue whether a complaint for declaratory judgment was the correct procedure by which to raise the plaintiff's grievance. See the discussion in *Averett* v. *Commissioner of Correction, ante* 280, 287 (1988).

as true.[3] The source of the government's confusion is the procedural nicety that, except on jurisdictional grounds (which would include failing to state a controversy) or as permitted by G. L. c. 231A, § 3, a complaint for declaratory judgment should not be dismissed; rather the rights of the parties should be declared. *Zaltman* v. *Daris,* 331 Mass. 458, 462 (1954). *Boston* v. *Massachusetts Bay Transp. Authy.,* 373 Mass. 819, 829 (1977). *Egnet* v. *Commissioner of Pub. Safety,* 5 Mass. App. Ct. 188, 190 (1977). *MacEachern* v. *Boston,* 9 Mass. App. Ct. 907, 908 (1980). To illustrate the point, if the conduct complained of in this case violated no law or regulation governing prison authorities, the court should so declare, not dismiss the complaint.

Nothing in the rule that rights ought to be declared justifies the government's failure to lodge a responsive pleading; declaratory judgment cases proceed under the rules of civil procedure. Mass.R.Civ.P. 57. If the assertion were that the complaint for declaratory judgment fails to state a controversy (see *Stop & Shop Cos.* v. *Board of Registration in Pharmacy,* 394 Mass. 1008, 1008-1009 [1985]) or a reason for refusal to enter declaratory judgment set forth in G. L. c. 231A, § 3, the responsive pleading could be in the form of a motion to dismiss under Mass.R.Civ.P. 12(b), 365 Mass. 755 (1974). Otherwise, the appropriate responsive pleading to a declaratory judgment complaint (open to the government in this case) is an answer which admits or denies the factual allegations of the complaint and, in a case such as this, prays for a declaration that the defendants have acted in accordance with law. If a party

---

[3] The following exchange took place at the proceedings before the judge:

THE COURT: "Does the Department of Corrections intend to file an Answer to the amended complaint?"

Ms. ROBINSON [Assistant Attorney General]: "Your Honor, the reason why I filed an opposition is because it's my understanding from the case law under the declaratory relief statute that a motion to dismiss is not proper. . . . Therefore, what I filed was an opposition."

THE COURT: ". . . [M]ay I take the defendant's opposition to be an answer of the Commonwealth?"

Ms. ROBINSON: "I don't believe it's . . . an answer."

answers in that fashion, it is not necessarily doomed to go to trial. The preliminary question whether, on the facts pleaded by the plaintiff, the defendants are entitled to a declaration that they have acted lawfully (and that the plaintiff, therefore, is entitled to no remedy) may be brought forward for decision by a motion for summary judgment (Mass.R.Civ.P. 56, 365 Mass. 824 [1974]).

What the government mustered as a response was a document on which it placed the caption, "Defendant's Opposition to Complaint Seeking Declaratory Relief." The paper was cast in the style of a memorandum, i.e., it was argumentative, had argument headings, contained citations to decided cases which it discussed, and wound up with a section entitled "Conclusion." Stripped of its memorandum clothing, the "opposition" contained the germ of a responsive pleading, but it was out of time as a response under rule 12. Far more than twenty days had elapsed since service of the amended complaint and, indeed, the document was filed three days after the last date to which the government had moved to extend the time for filing an answer. Understandably, the plaintiff moved for judgment by default.

That was the posture in which the case came before the Superior Court judge for hearing on October 4, 1985. Pressed by the judge as to whether he could take the government's "opposition" as a responsive pleading, Rogers' counsel, Mr. Harwood, said, in effect, that he would; that he did not desire "to get bogged down in technicalities" and was "more interested in getting to the heart of the matter." Mr. Harwood proceeded to argue the merits of his complaint. The government interposed no objection to doing so and, when its turn came, proceeded to argue the merits of the case and to rehearse the facts which Rogers had alleged.

Soon after hearing, the judge issued a memorandum of decision and order in which he ruled that the disciplinary board had failed to provide adequate explanations for refusing Rogers' request to call certain witnesses and to enter certain documents in evidence. Relying upon *Nelson* v. *Commissioner of Correction,* 390 Mass. 379, 393-394 (1983), the judge wrote that the

disciplinary board was required to offer more than "rote recitation of shorthand phrases. . . . Words such as 'irrelevant' and 'duplicative' [do not serve as] magical shields for the board's decision-making procedures." Accordingly, the judge ordered the findings and record of the disciplinary hearing on Disciplinary Report No. 84-1489 expunged from the plaintiff's record and from any institutional files.

On appeal the government does not challenge the judge's substantive determination; rather, it argues that the judge deprived the government of the right to file an answer and to present testimony contesting the facts alleged in the complaint. Consequently, the government asserts, the judge abused his discretion by prematurely declaring the rights of the parties and ordering relief. See *Bonan* v. *Boston,* 398 Mass. 315, 317 (1986).

In view of the judge's inquiry set out in note 2, the government can hardly sustain the position that it was deprived of the right to answer. Invited to answer, it did not; asked whether the case should proceed on the merits, it made no sign of protest or reservation. In substance, the judge took the "opposition" document as a responsive pleading, such as it was. Although the time for filing a responsive pleading as a matter of right had expired, Rogers' counsel waived that deficiency when he abandoned his motion for a default judgment and argued the merits.

One may add that the government's approach to the case was, and continues to be, an exercise in pettifogging. The entire record of the disciplinary proceedings was attached to the amended complaint. The plaintiff's position was that those proceedings were legally flawed; the government's position was that they were not. Neither in the proceedings before the Superior Court, which included a motion under Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974), for relief from the judge's order, nor in the brief and argument on appeal has the government suggested what facts the record does not accurately disclose and what different facts it would like to prove. Dispositive facts were undisputed or assumed. See *Whitehouse* v. *Sherborn,* 11 Mass. App. Ct. 668, 676 (1981). Contrast *Bonan* v.

*Boston,* 398 Mass. at 317 (defendants should not have been foreclosed from asserting affirmative defenses by entry of final judgment after denial of motion to dismiss).

On the basis of the procedural status of the case and the government's posture when it came on for argument, the judge correctly declared the rights of the parties and entered an order consistent with that declaration. We have not been asked to consider the substantive merits of that declaration, and we have not done so. A final judgment was entered on September 3, 1986.[4] That judgment is affirmed.

*So ordered.*

---

[4] Part of the ten-month interval between the order of October 30, 1985, and the entry of judgment on September 3, 1986, appears to have been consumed by a motion to stay the judge's order pending appeal, the motion for relief from the order, and disputation over what, if any, legal fees were to be assessed. For five months, the case then lay dormant on the docket.