NATIONAL EQUITY PROPERTIES, INC. *vs.* HANOVER INSURANCE COMPANY. No. 08-P-978. July 27, 2009. *Practice, Civil,* Complaint, Amendment, Dismissal.

While insured under a policy issued by the defendant Hanover Insurance Company (Hanover), Frank Izdebski, doing business as United Oil Company (United Oil), caused an oil spill on property owned by the plaintiff, National Equity Properties, Inc. (National), necessitating a supervised cleanup. The parties disagree as to the amount of coverage under the policy. In February, 2008, National filed a single-count complaint for declaratory judgment against Hanover seeking to resolve the dispute as to the amount of coverage.[1]

Hanover did not answer the complaint but rather moved to dismiss on the basis that National lacked standing to bring a complaint for declaratory judgment and, therefore, the Superior Court did not have subject matter jurisdiction.[2] Subsequent to Hanover filing its motion to dismiss, but prior to any ruling on the motion, National filed an amended complaint alleging additional facts and asserting additional counts of unfair claim administration and settlement practices and estoppel. National also filed an opposition to Hanover's motion to dismiss, but after the time for filing an opposition had expired under Superior Court rule 9A.

The Superior Court judge treated Hanover's motion to dismiss as unopposed and granted the motion with prejudice, stating: "[National] is not a named insured under the subject policy and here at this point in time lacks standing to bring this action." The judge also stated that he could not consider the amended complaint, as it had been filed after the motion to dismiss, which he treated as a responsive pleading. The amended complaint was then returned to National.

*Discussion.* National argues on appeal that the Superior Court judge erred in striking its amended complaint. We agree.

It appears that the judge below viewed Hanover's motion to dismiss as a responsive pleading and, consequently, concluded that National was required

---

[1]United Oil is not and never has been a party to the litigation between National and Hanover.

[2]Hanover's argument was born of National's failure to assert in its original complaint that it has a right of recovery under the insurance policy.

to seek leave of court before filing its amended complaint. National correctly argues, however, that a motion to dismiss is not a responsive pleading within the meaning of Mass.R.Civ.P. 15(a), 365 Mass. 761 (1974), and therefore National could amend its complaint once as a matter of right. The Reporter's Notes to rule 15 are clear that "a motion is not considered a pleading within the meaning of Rule 15." Reporter's Notes to Mass.R.Civ.P. 15, 46 Mass. Gen. Laws Ann., Rules of Civil Procedure, at 204 (West 2006). See Smith & Zobel, Rules Practice § 15.2 (2d ed. 2006) ("Because a motion is not considered a pleading within the meaning of Rule 15, a plaintiff who meets the prerequisites may amend the complaint as a matter of course, even though [the] defendant has moved to dismiss" [footnote omitted]); *Keene Lumber Co.* v. *Leventhal,* 165 F.2d 815, 823 (1st Cir. 1948) ("We take it that a motion to dismiss is not a 'responsive pleading' within [Fed.R.Civ.P. 15(a)]," which is substantially the same as Mass.R.Civ.P. 15[a] except that the Massachusetts rule contains the additional limitation to the right of amendment as a matter of course to situations where there has not been an order of dismissal). See also Mass.R.Civ.P. 12(a)(2), 365 Mass. 754 (1974) (explicitly distinguishing between motions and responsive pleadings). Accordingly, the Superior Court judge erred in striking National's amended complaint.

We briefly address Hanover's arguments to the contrary. First, Hanover argues that a motion to dismiss is a responsive pleading, citing *Rogers* v. *Commissioner of Correction,* 25 Mass. App. Ct. 399, 401 (1988): "If the assertion were that the complaint for declaratory judgment fails to state a controversy . . . or a reason for refusal to enter declaratory judgment set forth in G. L. c. 231A, § 3, the responsive pleading could be in the form of a motion to dismiss under Mass.R.Civ.P. 12(b)." However, in *Rogers,* we did not use the phrase "responsive pleading" in connection with Mass.R.Civ.P. 15(a). Indeed, there is no mention of rule 15 at all in the opinion. This fact, coupled with the previously referenced statements in the Reporter's Notes to rule 15, *supra,* is consistent with our conclusion that a motion to dismiss is not a responsive pleading within the meaning of rule 15(a).

Second, Hanover argues that "[w]hether or not a Rule 12 Motion in general is a responsive pleading, for purposes of a Rule 15 amendment, . . . is not relevant in this case. The Motion to Dismiss in this case raising the allegation that the complaint for declaratory judgment fails to raise a controversy as required under [G. L.] c. 231A, is in fact a responsive pleading." Hanover cites no law supporting this argument and we see no basis to ignore the clear language of rule 15(a) and the accompanying Reporter's Notes.

Finally, Hanover argues that the original complaint fails to set forth National's standing to litigate coverage under the policy. The issue of standing, and any other issues Hanover wishes to raise, must be addressed solely in relation to the amended complaint, which, for the reasons set forth above, National had a right to file and which should not have been struck below.

The judgment of dismissal is reversed and the case is remanded to allow the amended complaint to be docketed and for further proceedings consistent with this opinion.

*So ordered.*

*Christopher C. Trundy* for the plaintiff.
*John H. Bruno, II,* for the defendant.