Kenton-Walker, Janet, J.
On October 28, 2010, the plaintiff, Bond Construction Corp. (“Bond”), filed a Complaint against the defendants, Town of Spencer (“Town”) and W.L. French Excavating Corp. (“French”). Bond alleged that the Town’s award of a “washed sand” contract to French following a competitive bidding process violated G.L.c. 30B, the Uniform Procurement Act. Bond further sought an injunction that would vacate this award and instead award the contract to Bond. On November 9, 2010, the court denied Bond’s Motion for a Preliminary Injunction.
On November 17, 2010, French filed a Notice of Motion to Dismiss. On December 8, 2010, French filed a Motion to Dismiss pursuant to Mass.R.Civ.P. 12(b)(6). On the same date, Bond filed a Cross Motion to Amend Complaint pursuant to Mass.R.Civ.P. 15(a), attaching a proposed Amended Complaint to this motion. The court initially allowed Bond’s motion to amend on December 13, 2010, but vacated this order on December 17, 2010. Neither the Town nor French has filed an Answer in this matter, and the court has not entered an order of dismissal.
The court considers whether Bond must seek leave of court to file an amended complaint. Bond evidently believed that leave of court was required since it filed a motion to amend seeking such leave. The court infers that Bond considered French’s Motion to Dismiss to be a responsive pleading under Mass.R.Civ.P. 15(a) that foreclosed Bond from amending its complaint once as a matter of course.[2] A motion to dismiss, however, is not a responsive pleading within the meaning of Rule 15(a). National Equity Prop., Inc. v. Hanover Ins. Co., 74 Mass.App.Ct. 917, 918 (2009). See also Smith & Zobel, Rules Practice §15.2 (2d ed. 2006) (“Because a motion is not considered a pleading within the meaning of Rule 15, a plaintiff who meets the prerequisites may amend the complaint as a matter of course, even though defendant has moved to dismiss the complaint for failure to state a claim upon which relief can be granted”). Accordingly, Bond did not have to seek leave of court to file an amended complaint.
Since it may do so as a matter of course, the court will allow its (non-required) motion to amend. The court will also docket Bond’s Amended Complaint that it had attached to this motion. Both the Town and French may of course file motions to dismiss Bond’s Amended Complaint if they so choose.
ORDER
For the foregoing reasons, it is ORDERED that the plaintiffs Cross Motion to Amend Complaint be ALLOWED. The Amended Complaint attached to this motion will be docketed.

 Rule 15(a) provides in pertinent part, “A party may amend his pleading once as a matter of course at any time before a responsive pleading is served and prior to entry of an order of dismissal or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any *595 time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.”