Ara Eresian, Jr., the plaintiff, sought a declaration that a certain instrument, by which a private trust's beneficiaries, the defendants, appointed a second person to act as trustee, was irregularly executed, notarized, and recorded. A Superior Court judge, after allowing the defendants' motion pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 755 (1974), dismissed Eresian's complaint, essentially on the ground that Eresian lacked standing to seek the declaration. We affirm.
To survive a motion to dismiss, a complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). When considering this question we look not only to the complaint's well-pleaded allegations, but also to any materials attached to the complaint. Schaer v. Brandeis Univ., 432 Mass. 474, 477 (2000). Most relevant here, in a declaratory relief action the plaintiff must allege facts plausibly suggesting that the plaintiff has "a definite interest in the matters in contention in the sense that his rights will be significantly affected by a resolution of the contested point." Bonan v. Boston, 398 Mass. 315, 320 (1986). With these general principals in mind, we consider whether the allegations in Eresian's first amended complaint allege facts plausibly supporting a conclusion that Eresian has a "definite interest" in the questions presented.
A declaration of trust, attached to Eresian's complaint, establishes that "William Mantalvanos and Carleen R. Mantalvanos" were cotrustees of a certain trust known as the "Main/Hitchcock Realty Trust" (Trust).[4] The settlors established the Trust to "hold any and all property that may be transferred to them as Trustees hereunder for the benefit of the persons listed in the Schedule, which is on file and in the possession of the Trustees." Eresian does not allege that he was one of the Trust's settlors or beneficiaries, but instead that he is "a lessee and off-site manager of" certain described real property "who was unlawfully ousted therefrom." Eresian does not allege that this described real property is or was held by the Trust, but, for present purposes only, we assume this to be the case.
Eresian goes on to allege that, in August of 2004, a document identified as a "Directive of Beneficiary" (Directive), a copy of which is attached to the complaint, was recorded. By the Directive, the Trust's beneficiaries, identified as the defendants, declared that the Trust's trustee was "William Mantalvanos ... as of the date hereof" and directed the Trustee to "add Ionna Mantalvanos as an additional Trustee, which addition shall take effect upon the recordation of this fully executed instrument." The Directive was executed by the defendants in their capacities as beneficiaries and their signatures were witnessed and notarized. Eresian alleges, and seeks an order declaring, that Stephanie's signature on the Directive was forged, that Stephanie did not appear before the notary, and that the notary's attestation is fraudulent.
In short, Eresian complains that a Trust document adding an additional trustee was improperly executed and recorded. But Eresian has not raised any allegations demonstrating, if proved, that he has any "definite interest" in that question. Eresian, for example, does not allege any facts plausibly suggesting that he is the Trust's settlor, trustee, or one of the Trust's beneficiaries, or that he is in any other way connected to the trust. As such, Eresian has no standing to raise his present claims and his complaint properly was dismissed. See Weaver v. Wood, 425 Mass. 270, 275 (1997), cert. denied, 522 U.S. 1049 (1998) ("In the case of a private trust, only a named beneficiary, or one suing on his or her behalf, can maintain an action to enforce a trust"); Hillman v. Second Bank-State St. Trust Co., 338 Mass. 15, 19-22 (1958) (third party lacked standing to challenge trustee's actions where trust instrument allowed but did not require trustee to seek third party's advice).
Our conclusion does not change in light of Eresian's allegation that he is (or was) a tenant of certain described premises. Assuming that the premises are or were in fact held by the Trust, Eresian has neither alleged the terms of any lease nor explained how any lease terms could give him any definite interest in the Trust.
Finally, we reject Eresian's assertion that he has standing under G. L. c. 184, § 24. Notwithstanding Eresian's citation to paragraph 5 of the Trust declaration,[5] it is not obvious that § 24, which establishes the validity of instruments effecting title to unregistered land, has any application to instruments purporting to appoint an additional trustee to a private trust. In any event, § 24 appears to be a statute of repose, see McGuinness v. Cotter, 412 Mass. 617, 621-622 (1992), providing only that an unchallenged recorded instrument will be "effective," notwithstanding certain described defects, if more than ten years have passed since recordation.[6] Section 24 does not afford uninterested persons standing to sue.
Judgment affirmed.
Order denying motion to vacate judgment affirmed.

We disregard Eresian's assertion that he is the Trust's "purported sole trustee" both because the assertion constitutes a legal conclusion and because it is contradicted by the explicit terms of the only Trust documents attached to the complaint. See Galiastro v. Mortgage Elec. Registration Sys., Inc., 467 Mass. 160, 173 (2014), citing Olpin v. Ideal Nat'l Ins. Co., 419 F.2d 1250, 1255 (10th Cir. 1969), cert. denied, 397 U.S. 1074 (1970) (when considering motion to dismiss, court may disregard any allegation contradicted by terms of document attached to complaint). The defendants attached to the memorandum in support of their motion to dismiss documents indicating that Eresian had been named a trustee in August of 2012. Therefore, we disregard the plaintiff's assertion that he is a trustee because it was contradicted by the only Trust documents attached to the complaint and because he appears to have become a trustee eight years after the allegedly fraudulent appointment. See Diamond v. Pappathanasi, 78 Mass. App. Ct. 77, 93 (2010) (party must have interest in entity to maintain suit). Finally, were the plaintiff a trustee, he would not be able to litigate this matter pro se, as he has chosen to do. See Kitras v. Zoning Adm'r of Aquinnah, 453 Mass. 245, 250 n.14 (2009) (cautioning trustees against litigating trust matters pro se). See also LAS Collection Mgt. v. Pagan, 447 Mass. 847, 850-851 (2006) (unlicensed agent may not practice law on principal's behalf).

Paragraph 5 provides, as relevant here, that "[u]pon the appointment of any successor Trustee, the title to the Trust estate shall thereupon and without the necessity of any conveyance be vested in said successor Trustee."

Section 24 of G. L. c. 184, provides, in relevant part, that where an "owner of [unregistered] land ... or of any interest in such land" records an instrument "purporting to convey his land or interest, or in any manner affecting or purporting to affect his title thereto," and where that instrument is defective in certain described ways, the instrument nonetheless will be deemed "effective for all purposes" unless, within ten years of recordation, "a proceeding is commenced on account of the defect ... and notice thereof is duly recorded in said registry of deeds."