On appeal the plaintiff Timothy Burke, trustee of the TVB Trust, challenges orders (1) denying his third motion to amend his complaint, and (2) granting summary judgment in favor of the town of Dennis and its building inspector[4] on the ground that Burke had not demonstrated the existence of an actual controversy and, thus, that the Superior Court lacked subject matter jurisdiction under G. L. c. 231A, § 1.[5] We affirm.
Background. Burke filed the original action on October 5, 2012.[6] He was permitted to amend his complaint to add the town and its building inspector as defendants (town defendants), and to add a claim seeking a declaratory judgment, under G. L. c. 231A, § 1, that a cease and desist order dated June 7, 2001, prohibiting construction on the lot known as 23 Uncle Bill's Way (property), was unlawful. In October of 2015, Burke filed another motion to amend his complaint (October 2015 motion to amend), which sought to add a claim for declaratory judgment that the property was buildable, and to add constitutional claims against the town defendants. The judge denied the October 2015 motion to amend.
On October 13, 2016, the judge granted the town defendants' motion for summary judgment. At the time Burke added the town defendants, Burke did not have title to the property. Burke did not apply for a building permit, either himself or by having the then-owner apply, at any point before or during the litigation. Burke did not gain title until October, 2016, just prior to the summary judgment hearing.
Discussion. 1. Motion for summary judgment. We review a grant of summary judgment de novo. See Miller v. Cotter, 448 Mass. 671, 676 (2007). A party may seek a declaratory judgment "in any case in which an actual controversy has arisen." G. L. c. 231A, § 1. An actual controversy does not exist where one fails to pursue available administrative remedies. See Wrentham v. West Wrentham Village, LLC, 451 Mass. 511, 514 (2008) ; Marion v. Massachusetts Hous. Fin. Agency, 68 Mass. App. Ct. 208, 210 (2007) ("As a general rule, where an administrative procedure is available, we require a party seeking declaratory relief first to exhaust the opportunities for an administrative remedy" [quotation omitted] ).
Within the zoning context, no actual controversy exists where a permit granting authority "has not had the opportunity either to deny the permit, or even to threaten to deny it." Stop & Shop Cos. v. Board of Registration in Pharmacy, 394 Mass. 1008, 1008 (1985).
Pursuant to G. L. c. 40A, there is a clear administrative process that an individual must utilize before seeking declaratory judgment. See Quincy v. Planning Bd. of Tewksbury, 39 Mass. App. Ct. 17, 20 (1985) ("The statutorily required submission of zoning disputes to local authority is so central to the architecture of G. L. c. 40A that we have required the exhaustion of administrative remedies as a prerequisite to judicial review"). A person unable to obtain a building permit may appeal to the permit granting authority and a "person aggrieved" by the permit granting authority may seek judicial review in the Land Court or the Superior Court. G. L. c. 40A, §§ 8, 17.
First, Burke argues that an actual controversy exists because the town defendants (town) admitted that the property was unbuildable during discovery; thus, Burke claims he did not need to exhaust any administrative remedies. We disagree. While the town did take the position during the litigation that on the present record, the property was unbuildable, that is not necessarily the conclusion the town would reach if Burke applied for a permit. Indeed, at the summary judgment hearing, defense counsel stated that the town's contention that the property was unbuildable was based on the information presently available, but that the building permit application could bring to light new information, which could lead to a different outcome. Contrary to Burke's contention, based on the record, we cannot predict the conclusion the town may reach upon review of Burke's building permit application. Accordingly, the town's admission did not relieve Burke of his duty to exhaust the administrative remedies under G. L. c. 40A, §§ 8, 17, which include providing the town with an opportunity to consider Burke's application.[7] See Stop & Shop Cos., 394 Mass. at 1008 ; Quincy, 39 Mass. App. Ct. at 20.
Second, to the extent Burke argues that there were no administrative remedies available to him because he had no legal basis to apply for a building permit unless he took title to the property and the outstanding real estate taxes were paid, that is not correct.[8] During discovery, the town defendants admitted that Burke could not receive a building permit until he took title and the real estate taxes were paid, but neither defendant contended that Burke would have been prohibited from submitting an application or receiving a determination of buildability (and, if the lot was buildable, receiving a permit conditioned on payment of the outstanding taxes). See G. L. c. 40, § 57 (c ). Since Burke did not apply, we cannot know whether the town would have considered the application in spite of the outstanding taxes.[9] Accordingly, we conclude that Burke had and has available to him administrative remedies pursuant to G. L. c. 40A, §§ 8, 17.
Further, each of the cases to which Burke cites in his briefs are distinguishable. Primarily, the cited cases contemplate circumstances where a party applied or intended to apply for a building permit and possessed no viable administrative remedies, which led the court to find that there was an actual controversy. See, e.g., Woods v. Newton, 349 Mass. 373, 374, 376 (1965).[10] In this case, Burke failed to apply for a building permit and, as we noted above, Burke had an administrative path available to him.[11]
2. Motion to amend the complaint. Burke also challenges the judge's denial of his October 2015 motion to amend his complaint to add additional claims against the town defendants. When Burke filed his October 2015 motion, the case had already been pending for three years, Burke had been granted leave to amend his complaint only one year previously, and, as the judge noted, Burke did not adequately explain why he could not have brought his two new proposed claims earlier. Moreover, the additional claims proposed in Burke's October 2015 motion are premised on the assumption that the town defendants are unwilling to allow Burke to develop the property as he wishes. As discussed above, the record before us does not support that assumption. The judge did not abuse his discretion in denying the motion to amend. See Mathis v. Massachusetts Elec. Co., 409 Mass. 256, 264 (1991).
In any event, we take judicial notice of the Superior Court action filed in Burke, trustee vs. Building Inspector of Town of Dennis, No. 1672CV00054 (Burke II ). See note 4, supra. After the judge denied Burke's October 2015 motion to amend, Burke commenced Burke II, alleging the same claims and underlying circumstances as were proposed in Burke's October 2015 motion to amend. A judgment dismissing Burke II entered on January 31, 2018, and on March 14, 2018, Burke's appeal from that judgment entered in this court under docket no. 18-P-351. Accordingly, the claims at issue in Burke's October 2015 proposed amended complaint are before this court separately.
Judgment affirmed.
Order denying motion to alter or amend judgment affirmed.

Burke's complaint and the trial court docket refer to the town official as the building inspector; however, materials in the record refer to the official's title as building commissioner.

In his notice of appeal, Burke indicated that he was also challenging orders denying his motion to consolidate with civil action no. 1672CV00054 (Burke II ) and denying his motion to alter or amend the summary judgment. On appeal, Burke raised no argument regarding those orders; thus, we deem those issues waived. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975).

Burke waived his claim against one of the original defendants, the Department of Revenue, on December 22, 2014. The other original defendant, Gregory Drake, died after Burke commenced the action; the personal representative of Drake's estate was substituted in his place and a separate default judgment entered against her. That separate judgment is not at issue here.

Moreover, providing the town with an opportunity to consider an application is not only for the town's benefit. General Laws c. 40A, § 8, also provides an avenue for an interested party such as an abutter to challenge the issuance of a building permit. See Butts v. Zoning Bd. of Appeals of Falmouth, 18 Mass. App. Ct. 249, 253 (1984) (abutter is "person aggrieved" under G. L. c. 40A, § 8, and has standing to file appeal with zoning board of appeals because he has "a legitimate interest in the board's proceedings").

We assume Burke is referring to outstanding local taxes, as the State and Federal tax liens on the property either expired or were released by January 24, 2013.

Had Burke applied for a permit and the town denied him an administrative process by refusing to make a determination of buildability until Burke paid the tax debt incurred by the owner, we might well reach a different outcome.

Similarly distinguishable are Burke's cited cases construing State election laws and the scope of regulatory powers over State waters, respectively. See Libertarian Ass'n of Mass. v. Secretary of the Commonwealth, 462 Mass. 538, 546-549 (2012) ; Entergy Nuclear Generation Co. v. Department of Envtl. Protection, 459 Mass. 319, 324-328 (2011).

Now that Burke has gained title to the property, he possesses two remedies: (1) pursue the administrative procedures provided for by G. L. c. 40A, §§ 8, 17, or (2) commence an action in the Land Court under G. L. c. 240, § 14A.