*Raul P Gonsalves,* pro se.

IN THE MATTER OF ALLAN YON KWONG WONG. August 11, 2004. *Attorney at Law,* Disciplinary proceeding, Suspension, Reinstatement. *Supreme Judicial Court,* Membership in the bar. *Practice, Civil,* Membership in the bar.

Allan Yon Kwong Wong appeals from the judgment of a single justice of this court denying his second petition for reinstatement to the bar. We reverse in part and remand for further proceedings consistent with this opinion.

*Background.* In 1992, a New Hampshire jury convicted Wong of receiving stolen property, a felony. His conviction was affirmed. *State* v. *Wong,* 138 N.H. 56 (1993). This court then suspended Wong from the practice of law for a period of three years, retroactive to January 1, 1993.

In 1998, Wong filed his second petition for reinstatement.[1] After an evidentiary hearing, a panel of the Board of Bar Overseers (board) recommended that his petition be denied, stating that the evidence presented at the hearing was "sketchy" and "weak." The board agreed, noting that:

> "[T]his is the petitioner's second petition for reinstatement, and, as the panel found, the petitioner has offered virtually the same evidence, or lack thereof, at this hearing as he did at the first. It is not enough to demonstrate that he has refrained from engaging in questionable conduct during the period of his suspension. Should he apply for reinstatement again, he must demonstrate — through testimonial and documentary evidence, not just the passage of time — that he has 'redeemed himself and become a "person proper to be held out by the court to the public as trustworthy." ' "[2]

A single justice of this court agreed with the board and denied the second reinstatement petition.

*Discussion.* It was Wong's burden to prove that he possessed the "moral qualifications, competency and learning in law required for admission to practice law in this Commonwealth, and that his . . . resumption of the practice of law [would] not be detrimental to the integrity and standing of the bar, the administration of justice, or to the public interest." S.J.C. Rule 4:01, § 18 (6), as appearing in 425 Mass. 1325 (1997).[3] *Matter of Pool*, 401 Mass. 460, 463 (1988). The hearing panel concluded that Wong met none of these requirements. We agree that Wong has not demonstrated the requisite competence and learning in the law, but we conclude that he has shown the moral character required for admission to practice law in the Commonwealth.

a. *Moral qualifications.* Wong testified that since his suspension, he has worked full time as a track laborer with the Massachusetts Bay Transportation

---

[1]In November, 1995, Wong filed his first petition for reinstatement and moved for leave to seek employment as a clerk or paralegal during the pendency of his suspension. A hearing panel of the board concluded that Wong's petition should be allowed, subject to certain conditions. The board disagreed, finding that Wong had failed to establish either that he had the requisite moral qualifications for admission to the bar or that he had maintained his competency and learning in the law. The board, therefore, recommended that Wong's petition be denied.

A single justice of this court determined that because "Wong has not affirmatively demonstrated his moral qualifications and legal competency and learning in the law, it follows that at this time Wong's reinstatement would not be beneficial to the integrity and standing of the bar, the administration of justice, or to the public interest." As a result, she denied his petition for reinstatement. However, she allowed his motion for leave to seek employment as a clerk or paralegal. Wong did not appeal from the single justice's ruling.

[2]Wong alleges that the hearing panel of the board demonstrated bias against him by delaying its decision. There is no merit to Wong's claim. The proceedings were delayed due to bar counsel's reasonable requests to stay the proceeding until he could investigate a new complaint against Wong and until litigation between Wong and a former client was concluded in the Bankruptcy Court.

[3]We apply the rule that was in effect when Wong filed his second petition for reinstatement. The rule has since been rewritten, but the relevant language has not changed. See S.J.C. Rule 4:01, § 18 (5), as appearing in 430 Mass. 1329 (2000).

Authority, volunteered both his time and money to his church, and volunteered at his son's Cub Scout den. After the panel issued its report, Wong submitted three letters that substantially enhanced the evidence of his moral character. His pastor wrote that Wong helped to organize the church fair, helped members of the parish move, volunteered to fix a lighting fixture in the church, and assisted in the children's ministries. The leader of the Cub Scout den applauded Wong's contributions to the scout camping trips and his general goodwill and sense of responsibility. Wong's sister-in-law, who is an attorney, wrote about how Wong supported her legal career and commended his perseverance after his suspension. She also described Wong as an involved and supportive parent. The panel considered the three letters but did not change its view that Wong had failed to show that he possessed the moral qualifications necessary for reinstatement. See *Matter of Pool, supra* at 464. We are satisfied that Wong's testimony, along with the documentary evidence submitted after the hearing, sufficiently demonstrates his moral fitness for reinstatement. Contrast *Matter of Dawkins*, 16 Mass. Att'y Discipline Rep. 94, 95 (2000). Wong's testimony described the weight of the shame his suspension, which resulted from conduct that did not arise in the practice of law, had on him and his family. He has worked dutifully for more than one decade at a job that made physical demands on him, quite unlike his education and training to be a lawyer, to support his family and hold it together. He has been active in his church community and supportive of his sons' group activities, particularly the activities stressing social responsibility. He has undertaken community-oriented activities with an attitude that evidences a sensitivity beyond himself and a respect for others. He has, in short, established the self-reform necessary to make him a "person proper to be held out by the court to the public as trustworthy." See *Matter of Waitz*, 416 Mass. 298, 304 (1993), quoting *Matter of Pool, supra* at 464.

b. *Learning in the law.* The panel described Wong's evidence of learning in the law as "weak." Despite the fact that his prior petition for reinstatement was denied, in large part, due to Wong's failure to produce evidence that he had made a significant effort to maintain his competency and learning in the law, he testified before the panel that he still had not taken any formal legal education courses and that his efforts in this area were limited to borrowing and reading various conveyancing books and publications. Wong testified that since 1997 he has worked part time as a paralegal for two attorneys. He offered only a vague description of the paralegal work performed, stating that he produced a property abstract and drafted a motion for an accounting for a real estate client, conducted discovery for a probate case, performed title searches, and assisted with other general civil litigation work. Despite having been granted leave to seek to be engaged as a clerk or paralegal assistant four years before the hearing, Wong failed to offer any detail about the volume of cases he has worked on, the type of services he has provided, or the number of hours worked. He did not submit any samples of his work. As the panel noted, there was no "testimony from a lawyer at the hearing or at least a letter attesting to the work performed and the manner in which it was performed." The minimal evidence presented is insufficient to support reinstatement. See *Matter of Dawkins*, 432 Mass. 1009, 1011 (2000), citing *Matter of Waitz, supra* at 306. We note that Wong has submitted a letter detailing the continuing legal education courses that he has completed since the hearing on his petition for

reinstatement. We think it is appropriate to remand the case for further proceedings to afford Wong the opportunity to provide greater detail of his paralegal work and to allow the board to consider these completed continuing legal education courses.

c. *Summary and conclusion.* We reverse the decision of the single justice on the issue of moral qualifications because we are satisfied that Wong has exhibited the requisite moral character for admission to the practice of law in the Commonwealth. We remand the case for further proceedings before the board on the issue of Wong's competence and learning in the law and, in view of our decision, for further consideration of the question whether Wong has proved "that the standing and integrity of the bar, the administration of justice, and the public interest would not be compromised if he were to be readmitted." *Matter of Dawkins, supra* at 1011.

*So ordered.*

*H. Brooks Whelan, Jr.,* for the petitioner.
*Terence M. Troyer,* Assistant Bar Counsel.

