IN THE MATTER OF RICHARD S. WEISS. September 27, 2011. *Attorney at Law,* Disciplinary proceeding. *Res Judicata.*

Following a formal disciplinary proceeding against the respondent, Richard S. Weiss, the Board of Bar Overseers filed in the county court an information and the record of the proceeding before the board. See S.J.C. Rule 4:01, § 8 (6), as appearing in 453 Mass. 1310 (2009). The parties — bar counsel and the respondent — had stipulated to the relevant facts before the board and jointly recommended that the respondent be suspended from the practice of law for one year and one day. They supplied the single justice with the same stipulation and joint recommendation.[1] The respondent, pro se, also filed in the county court a motion to dismiss the disciplinary charges against him on the ground of res judicata.[2] He alleged in the motion that the conduct giving rise to the disciplinary proceeding was the same conduct for which he already had been penalized by a judge of the Probate and Family Court in a case that was pending there. The single justice denied the motion to dismiss and imposed the agreed-on sanction, suspending the respondent from the practice of law for one year and one day. On appeal, the respondent does not dispute that his conduct violated applicable disciplinary rules, as he had stipulated. He only presses his claim that principles of res judicata require dismissal of the information. We affirm the order of the single justice.

In the parties' stipulation, the respondent acknowledged evidence sufficient to demonstrate that, in the underlying case in the Probate and Family Court, he was required to resign his appointment as guardian for an elderly woman, was required to forgo fees that he claimed to have earned, and was required to pay certain sums to the guardianship estate. Those sanctions by the judge in the guardianship case do not, however, as the respondent contends, bar the

---

[1]John R. Staco.

[1]At the time of the stipulation before the board, the respondent was represented by counsel. Counsel did not file an appearance in the county court.

[2]The respondent, pro se, had also filed the same motion before the board, which denied it.

later disciplinary proceeding on the ground of res judicata. The respondent has not demonstrated that principles of res judicata have any applicability to this case. Among other things, bar counsel was not a party to the case in the Probate and Family Court, and "could not have joined the underlying action" because "bar counsel had no standing in those proceedings." *Matter of Brauer*, 452 Mass. 56, 70 (2008), citing *Bonan* v. *Boston*, 398 Mass. 315, 320 (1986). The respondent's contention that bar counsel and this court were in privity with the parties to the guardianship matter — or were somehow in privity with the Probate Court itself — is groundless. It may be true, as the respondent states, that the probate judge appointed a guardian ad litem in the guardianship case in part to investigate possible misconduct by the respondent. In this rough sense, the guardian ad litem (in the guardianship case) and bar counsel (in the disciplinary proceeding) both were concerned with the question of the propriety of the respondent's behavior. However, "it creates no privity between two parties that, as litigants in two different suits, they happen to be interested in proving or disproving the same facts." *Sturbridge* v. *Franklin*, 160 Mass. 149, 151 (1893).

While the conduct described in bar counsel's petition for discipline may have come to light and been examined by the judge in the context of the guardianship proceeding, and while there were evident adverse consequences for the respondent in that proceeding, the separate question whether the respondent's conduct as an attorney warranted professional discipline was not for the guardian ad litem to prosecute or for the probate judge to adjudicate. Further, it is irrelevant that the guardian ad litem, the judge, or both, may have had a basis to report the respondent's conduct to the bar counsel (as to which we express no opinion) yet did not do so. It was bar counsel's prerogative to initiate a disciplinary case against the respondent, and the board's prerogative to adjudicate the same, regardless whether the matter was reported to them by the guardian ad litem or by the board.[3] Principles of res judicata simply do not preclude bar counsel in circumstances like this from investigating an attorney's conduct in the underlying trial court case and from pursuing professional discipline against the attorney's license on the basis of misconduct that is found there. Cf. S.J.C. Rule 4:01, § 11, as amended, 453 Mass. 1306 (2009) ("a verdict, judgment, or ruling in the lawyer's favor in civil . . . proceedings shall not require abatement of a disciplinary investigation predicated upon the same or substantially similar material allegations"). The duties and prerogatives of bar counsel and the board — and this court's power to superintend the bar and impose discipline when appropriate — are not preempted or compromised in any way by the decisions of other counsel (here, the guardian ad litem) or the judge in the underlying litigation.

The respondent's pro se motion to dismiss on the ground of res judicata was therefore properly denied. The respondent has not otherwise challenged the single justice's order suspending him from the practice of law for one year and a day, as recommended by the board, and has stipulated to facts warranting the conclusion that he violated the applicable disciplinary rules. There was no error or abuse of discretion by the single justice.

*Order affirmed.*

---

[3]Nor is it relevant that the guardian ad litem was at one time the chair of the Board of Bar Overseers. He was not the chair at the time of the events at issue and was in no way acting in any capacity vis-à-vis the board when he undertook his assignment as guardian ad litem.

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Richard S. Weiss*, pro se.

*Roger Geller*, Assistant Bar Counsel.