IN THE MATTER OF PATRICIA JEAN FLETCHER.[1] October 31, 2013. *Attorney at Law,* Reinstatement, Disbarment. *Board of Bar Overseers.*

[1]The petitioner formerly was known as Lynne Ann Soldano Wallenstein. On September 9, 2004, an Arkansas court allowed her petition to change her name to Patricia Jean Fletcher.

The petitioner, Patricia Jean Fletcher, appeals from an order of a single justice of this court denying her petition for reinstatement to the bar. We affirm.

In 1992, the petitioner was temporarily suspended from the practice of law in Massachusetts following her conviction in the State of New York of "serious crimes" within the meaning of S.J.C. Rule 4:01, § 12 (3) (b), as appearing in 425 Mass. 1313 (1997).[2] Bar counsel thereafter filed a petition for discipline alleging, in addition to the convictions, that the petitioner violated the terms of her New York probation, failed to report the convictions to bar counsel and to cooperate in bar counsel's investigation, and engaged in other misconduct involving deceit and misrepresentation. See S.J.C. Rule 3:07, Canon 1, DR 1-102 (A) (4), (5), (6), as appearing in 382 Mass. 769 (1981); S.J.C. Rule 4:01, § 3(1), as amended through 382 Mass. 820 (1981).[3] She was disbarred in 2000. *Matter of Wallenstein*, 16 Mass. Att'y Discipline Rep. 409 (2000). In 2011, she filed a petition for reinstatement. A hearing panel of the Board of Bar Overseers (board), after a hearing, recommended that the petition be denied. The petitioner appealed to the board, which accepted the hearing panel's findings and recommendation and voted to recommend that the petition be denied.

The matter proceeded in the county court. The single justice after hearing accepted the board's recommendation and denied the petition for reinstatement.

*Discussion.* We do not review in this proceeding the underlying criminal convictions on which the orders of temporary suspension and disbarment were based.[4] "Basic respect for the integrity and finality of a prior unreversed criminal judgment demands that it be conclusive on the issue of guilt and that an attorney not be permitted to retry the result at a much later date in [her] reinstatement proceedings." *Matter of Hiss*, 368 Mass. 447, 450 (1975). Instead, what is at issue on a petition for reinstatement is whether the petitioner has demonstrated that she has "the moral qualifications, competency and learning in law required for admission to practice law in this Commonwealth, and that . . . her resumption of the practice of law will not be detrimental to the integrity and standing of the bar, the administration of justice, or to the public interest." S.J.C. Rule 4:01, § 18 (5), as appearing in 453 Mass. 1315 (2009). See *Matter of Pool*, 401 Mass. 460, 463 (1988). As to those criteria, we accept the board's factual findings, provided they are supported by substantial evidence, S.J.C. Rule 4:01, § 18 (5), and afford considerable deference to its recommendation, recognizing that "the ultimate duty of deci-

---

[2]Prior to 1997, "serious crime[s]" were set forth in S.J.C. Rule 4:01, § 12 (2), as appearing in 365 Mass. 705 (1974).

[3]The Massachusetts Rules of Professional Conduct became effective on January 1, 1998, replacing the Canons of Ethics and Disciplinary Rules Regulating the Practice of Law (Disciplinary Rules). As the petitioner's misconduct occurred prior to January 1, 1998, the Disciplinary Rules were applicable to the petition for discipline.

[4]The petitioner pleaded guilty to the three criminal charges against her pursuant to the procedure set forth in *North Carolina v. Alford*, 400 U.S. 25, 37 (1970), and as a result she expressly did not admit guilt. We do not "disqualify a petitioner for reinstatement *solely* because [she] continues to protest [her] innocence of the crime of which [she] was convicted." *Matter of Hiss*, 368 Mass. 447, 459 (1975). Nonetheless, "lack of repentance is evidence, like any other, to be considered in the evaluation of a petitioner's character and of the likely repercussions of his requested reinstatement." *Id.*

sion rests with this court." *Matter of Allen*, 400 Mass. 417, 421 (1987), quoting *Matter of Gordon*, 385 Mass. 48, 58 (1982). The focus of a reinstatement proceeding, as we consider the relevant criteria, is on the public welfare, not the petitioner's private interest. *Matter of Ellis*, 457 Mass. 413, 414 (2010).

A petitioner for reinstatement bears a heavy burden of establishing her present qualifications for readmission. *Matter of Hiss, supra* at 460-461, quoting *Matter of Keenan*, 313 Mass. 186, 219 (1943). Mere allegations are not sufficient. In this case, a hearing panel of the "board has heard testimony and observed [the witness] and, by virtue of this firsthand observation, is better able than a reviewing court to judge the relative credibilit[y] of [the witness] and to assign weight to the evidence [she gave]." *Matter of Hiss, supra* at 461. The panel considered the conduct resulting in disbarment, the petitioner's claim that her mother (who is now deceased) was responsible for the misconduct, her charitable activities, as well as her attempts at postdisbarment legal education, learning, and experience, and concluded that she failed to credibly demonstrate both sufficient learning in the law and that she currently possesses the requisite moral qualification to practice law. After an evidentiary hearing, the single justice reached the same conclusion. We have thoroughly reviewed the record, including the hearing panel's findings, the board's recommendation, and the single justice's memorandum of decision. We too, are satisfied that the petitioner failed to present evidence sufficient to warrant reinstatement.

The petitioner has not practiced law in the Commonwealth for more than twenty years, and she has not practiced law or worked in a field related to the law for at least ten years. While her reinstatement questionnaire stated that she subscribed to several legal journals, there was no testimony concerning the extent to which she read them. Although the petitioner offered evidence that, prior to 2007, she participated in some continuing legal education programs in other jurisdictions, there was no evidence that she participated in any such programs after 2007. Nor was there any evidence that she participated in any Massachusetts continuing legal education courses whatsoever, or that she spent any time studying Massachusetts law or legal publications. There was no testimony or evidence from any attorney, from Massachusetts or otherwise, supporting her application for reinstatement. This fell short of meeting the substantial burden of establishing present competence in legal skills and learning in the law. See *Matter of Wong*, 442 Mass. 1016, 1017 (2004); *Matter of Dawkins*, 432 Mass. 1009, 1011 (2000); *Matter of Waitz*, 416 Mass. 298, 306 (1993). Contrast *Matter of Ellis, supra* at 416-417.

Further, notwithstanding her protestation of innocence of the underlying New York criminal charges, the petitioner's disbarment "is conclusive evidence of [her] lack of moral character at the time of [her] removal from office. And it continues to be evidence against [her] with respect to lack of moral character at later times." *Matter of Keenan, supra*. See *Matter of Hiss, supra* at 451. The hearing panel properly considered the petitioner's credibility during the hearing, the misconduct alleged in the petition for discipline, her testimony about volunteer work with animals and teaching English, and her failure to make restitution. See *Matter of McCarthy*, 23 Mass. Att'y Discipline Rep. 469, 470 (2007) (despite legal obligation to do so, "[f]ailure to make restitution, and failure to attempt to do so, reflects poorly on the attorney's moral fitness"). Based on the evidence in the record, which included letters of reference from

her pastor, there was no error in the board's conclusion, shared by the single justice, that the petitioner failed to meet her affirmative burden to establish that she has redeemed herself and become "a person proper to be held out by the court to the public as trustworthy." *Matter of Dawkins, supra* at 1011, quoting *Matter of Keenan, supra.* Contrast *Matter of Ellis, supra* at 418; *Matter of Hiss, supra* at 468.

*Conclusion.* The petitioner has not practiced law in the Commonwealth for more than twenty years. On this record, she has fallen considerably short of demonstrating that she has led a "sufficiently exemplary life to inspire public confidence, once again, in spite of [her] previous actions," *Matter of Hiss, supra* at 452, or that she presently has the necessary competency and learning in law. Pursuant to S.J.C. Rule 4:01, § 18 (8), as appearing in 453 Mass. 1315 (2009), the petitioner may renew her application or reapply for reinstatement or readmission one year from the date of this decision.

*Order denying reinstatement affirmed.*

*Patricia Jean Fletcher,* pro se.
*Dorothy Anderson,* Assistant Bar Counsel.

