NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11890

IN THE MATTER OF RICHARD S. WEISS.

March 17, 2016.

Attorney at Law, Suspension, Reinstatement.


     The petitioner, Richard S. Weiss, appeals from the judgment of a single justice of this court denying his petition for reinstatement to the bar.  We affirm.

     After Weiss "stipulated to facts warranting the conclusion that he violated the applicable disciplinary rules," see Matter of Weiss, 460 Mass. 1012, 1013 (2011), he was suspended from the practice of law for one year and one day, effective May 20, 2011.  His first petition for reinstatement was denied by a single justice of this court in 2013, and he was given leave to reapply for reinstatement on or after January 1, 2014.  See S.J.C. Rule 4:01, § 18 (8), as appearing in 453 Mass. 1315 (2009).  He filed a second petition for reinstatement on June 25, 2013.  The single justice denied the petition without prejudice to filing a new petition on or after January 1, 2014. The petition he filed thereafter, his third, is the subject of this appeal.

     On October 23, 2014, a hearing committee of the Board of Bar Overseers (board) held a hearing, at which Weiss was represented by counsel, on his third petition.  The committee issued a report on December 2, 2014, setting forth its findings and recommending that the petition for reinstatement be denied. On February 22, 2015, the board voted unanimously to adopt the report of the hearing committee and its recommendation that the petition be denied.  A single justice of this court reviewed the record before the hearing committee and the board, concluded that there was substantial evidence to support the findings, and

denied the petition for reinstatement.[1]  The case is now before us on Weiss's preliminary memorandum, pursuant to S.J.C. Rule 2:23 (b), 471 Mass. 1303 (2015).  That rule requires an appellant to

> "set forth the relevant background and summarize the appellant's arguments on appeal, with citations to applicable authority.  It is incumbent on the appellant to demonstrate in this memorandum that there has been an error of law or abuse of discretion by the single justice; that the decision is not supported by substantial evidence; that the sanction is markedly disparate from the sanctions imposed in other cases involving similar circumstances; or that for other reasons the decision will result in a substantial injustice."

Id.  Weiss has failed to meet this burden.  He has demonstrated none of the bases for reversal identified in the rule.  The argument made in his memorandum is essentially that the single justice's probing questions of bar counsel at the hearing before him indicated that the single justice may have been inclined to grant reinstatement, yet ultimately did not do so, and that this somehow constitutes reversible error; alternatively, Weiss argues, the full court, with the single justice included, should review the matter anew.  Neither position has merit or satisfies the letter or the spirit of the rule.

An attorney seeking reinstatement after suspension of more than one year has "the burden of demonstrating that he or she has the moral qualifications, competency and learning in law required for admission to practice law in this Commonwealth, and that his or her resumption of the practice of law will not be detrimental to the integrity and standing of the bar, the administration of justice, or to the public interest."  S.J.C. Rule 4:01, § 18 (5), as appearing in 453 Mass. 1315 (2009).  See Matter of Hiss, 368 Mass. 447, 456, 460 (1975).  See also Matter

---

[1] The single justice correctly recognized in his memorandum of decision that the board's recommendation is entitled to substantial deference.  The subsidiary findings of the hearing committee, as adopted by the board, "shall be upheld if supported by substantial evidence," see S.J.C. Rule 4:01, § 18 (5), as appearing in 453 Mass. 1315 (2009), and the hearing committee's ultimate "findings and recommendations, as adopted by the board, are entitled to deference, although they are not binding on this court."  Matter of Ellis, 457 Mass. 413, 415 (2010).  See Matter of Hiss, 368 Mass. 447, 461 (1975).

of Fletcher, 466 Mass. 1018, 1020 (2013), cert. denied, 135
S. Ct. 80 (2014).  In this case, the hearing committee, as the
fact finder, heard the testimony, observed the witnesses
(including the petitioner), and thoroughly considered the
evidence.  Its findings, which were amply supported by the
evidence, were adopted by the board.  Although the committee did
"not doubt the sincerity of the petitioner's desire to return to
practice," it was not persuaded that Weiss

>"has attained a sufficient understanding of the basis for
>his discipline to support true rehabilitation, and to avoid
>repeating his misconduct.  The [committee] is also
>concerned by the petitioner's inability to recollect much
>about his prior disciplinary history and patterns of denial
>concerning the disciplinary history he did remember.
>Finally, we are not persuaded that the petitioner has
>sufficiently maintained his learning in the law."

In these circumstances, duly taking into account the findings
and recommendations of the committee and the board, the single
justice properly denied reinstatement.

"Unlike nearly all other States, which require that
judgment in bar discipline cases shall be by the full court, we
in this Commonwealth use the single justice system in such
cases."  Matter of Alter, 389 Mass. 153, 156 (1983).  We review
the single justice's decision (on issues other than the initial
choice of a sanction at the disciplinary stage) to determine
whether there has been an abuse of discretion or clear error of
law.  See Matter of McBride, 449 Mass. 154 (2007); Matter of
Cobb, 445 Mass. 452, 466, 475 (2005).  While we share the single
justice's stated concern in this case that bar counsel may have
been attempting to use the reinstatement process to some extent
"to extract further punishment for past acknowledged and
sanctioned misconduct," which would have been improper, we find
no error in the single justice's ultimate ruling that the
hearing committee's and board's findings, report, and
recommendation reflect a "careful consideration of the matter"
and support the denial for reinstatement.  The petitioner has
not shown otherwise in his memorandum.

Further, "review by the full court, on appeal from the
single justice's judgment, must be by a standard which promotes
even-handed results in such cases.  Accordingly, we think that
the full court, in reviewing any disciplinary decision, should
inquire whether the judgment is markedly disparate from those
ordinarily entered by the various single justices in similar

cases."  Matter of Alter, 389 Mass. at 156.  Cf. Matter of Cappiello, 416 Mass. 340, 343 (1993) (evaluating circumstances attendant to reinstatement of similarly situated attorneys); Matter of Allen, 400 Mass. 417, 422 (1987) (same).  Where, as here, a petitioner has failed to demonstrate the conditions predicate to reinstatement, a petition for reinstatement must be denied.  See Matter of Waitz, 416 Mass. 298, 306-307 (1993). Contrast Matter of Ellis, 457 Mass. 413 (2010).  There was therefore no marked disparity in the single justice's denial of the petition.

As the single justice observed, this is not an easy case. The petitioner, who was suspended for one year and one day, has not practiced law since May, 2011.  As the hearing committee recognized, he has a sincere desire to return to practice.  The focus of reinstatement proceedings, however, is on the "integrity and standing of the bar, the administration of justice, [and] the public interest," S.J.C. Rule 4:01, § 18 (5), rather than on a petitioner's private interests.  See Matter of Fletcher, 466 Mass. at 1020.  Neither the hearing committee, nor the board, nor the single justice was satisfied that those interests would adequately be protected if the petitioner were reinstated, on this record, at this time.

Judgment affirmed.


The case was submitted on briefs.
Richard S. Weiss, pro se.